### MILLER *v.* ALLIANCE INS. CO. OF BOSTON.

*(Circuit Court, S. D. New York. June 4, 1881.)*

1. INSURANCE—OVERVALUATION.

   A policy of insurance is not avoided by an overvaluation, in accordance with the terms of the instrument, where such valuation was made in good faith, and only assumed to make a true representation of the facts so far as they were known to the applicant.

2. SAME—TITLE OF ASSURED—INSURABLE INTEREST.

   A policy of insurance provided that if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, or if the building stood on leased ground, it must be so represented and expressed in the written part of the policy, or the same would be void. *Held,* that so long as the assured, under claim of right, had the exclusive use and enjoyment of the insured property, without any assertion of an adverse right or interest in it by any other person, he had an insurable interest under the condition of the policy.

3. SAME—PROOF OF LOSS.

   Defects in the proofs of loss, by reason of the absence of the builder's certificate and that of the nearest notary or magistrate, is immaterial where the insurers have repudiated all liability under the policy upon other grounds.—[ED.

*N. B. Hoxie,* for plaintiff.

*Geo. W. Parsons,* for defendant.

Motion for New Trial.

WALLACE, D. J. So far as the defendant's motion for a new trial rests upon the ground that the verdict for the plaintiff was contrary to the evidence, it may be briefly disposed of. There was a decided preponderance of testimony in favor of the defendant's theory that the value of the property insured was considerably less than was represented by the plaintiff in his application for insurance and in his proofs of loss, but there was also direct and positive testimony to sustain the correctness of the plaintiff's estimate of value, the

credibility of which was peculiarly for the consideration of the jury. Assuming, however, that the evidence did not justify the correctness of the plaintiff's valuation of the property, there was sufficient to authorize the jury to find that the plaintiff did not intentionally overestimate the value of the property, and that, although his valuation may have been extravagant, it was not intended to be unfair. The question of fact was a very plain one, and the jury could not have failed to appreciate the force and bearing of the testimony. Their conclusion is not so palpably adverse to the weight of the evidence as to suggest partiality or prejudice. The case is not one where, according to the settled rules of judicial discretion, the verdict should be disturbed.

It is insisted that the plaintiff cannot escape the effect of an overvaluation upon the theory that it was an unintentional one. While the policy provided that an overvaluation would render the policy void, the representation of value was in a written application, by the terms of which the assured only assumed to state the facts in regard "to the condition, situation, and value of the property to be insured, so far as the same are known to the applicant." The plaintiff, therefore, only assumed to give the defendant the benefit of his own knowledge; and, although he may have been mistaken, there was no breach of the representation unless the overvaluation was knowingly made. Good faith was all that was required on the part of the assured. The case of *Franklin Fire Ins. Co.* v. *Vaughan*, 92 U. S. 516, is the only authority which it is necessary to cite as conclusive upon this point. In the case of the *National Bank* v. *Ins. Co.* 95 U. S. 673, the policy, as in the present case, made the application a part of the contract, and provided that an *erroneous* representation should render the policy void; but it was held, inasmuch as the representation only assumed to make a true exposition of the facts, so far as known to the applicant, that there was no breach unless the estimates of the insured were intentionally excessive.

It is also insisted for the defendant that the court erred upon the trial in excluding evidence offered for the purpose of showing that the insured had a defective title to the real

estate upon which the insured buildings stood. The policy provides that if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, or if the building stands on leased ground, it must be so represented and expressed in the written part of the policy, otherwise the policy to be void. The plaintiff had introduced a deed in which he was named as grantee, which purported to convey to him "a certain mill-site and all the buildings thereunto belonging," situated as therein described. The defendant offered to show that the grantors of the plaintiff's grantor were only entitled to an easement in this property. The deed contained apt terms of description to convey to the plaintiff the land as well as the buildings upon it. A site, according to Webster, is a seat or ground plot; and a mill-site is the place where a mill stands. Land will often pass by a conveyance without any specific designation of it. Everything essential to the beneficial use and enjoyment of the property designated, in the absence of language indicating a different intention on the part of the grantor, is to be considered as passing by the conveyance. *Sheets* v. *Selden's Lessee,* 2 Wall. 177. In *Whitney* v. *Olney,* 3 Mason, 280, it was held by Judge Story that the devise of a mill and its appurtenances passed to the devisee not merely the building, but all the land under the mill and necessary for its use, and commonly used with it. In *Gibson* v. *Brockway,* 8 N. H. 465, a conveyance of "a certain tenement, being one-half of a corn-mill, with the privileges and appurtenances," was held to pass not only the mill, but the land on which it was situated.

The defendant's offer of proof was, therefore, nothing more than a proposition to show that the plaintiff, although he had a title to the mill property which apparently vested in him the sole, unconditional, and entire ownership of the property, had a defective title. The condition of the policy refers to the extent of the insurable interest of the plaintiff, and not to the validity of his title. So long as the plaintiff, under claim of right, had the exclusive use and enjoyment of the insured property, without any assertion of an adverse right or interest in it by any other person, he was the owner of

the property. In the ordinary acceptation of the term, who would be considered the owner of real estate except the grantee in possession, when no adverse claim has been made by another? The condition was satisfied by the facts: his ownership was entire, because it was of the whole property; it was unconditional, because it was not subject to any defeasance; it was sole, because it was exclusive of others. It has been frequently held that an equitable title is sufficient to uphold a representation or warranty of ownership. *Ramsey* v. *Phœnix Ins. Co.* 2 FED. REP. 429, and cases there cited. And in *Burham* v. *Iowa Central Ins. Co.* 25 Iowa, 328, it was held that the insurer had the absolute and sole ownership of the property because he was in possession under a contract of purchase, although the legal title was in another.

It was not suggested that the plaintiff had any doubt of the validity of his title; and, finally, it may be said of the defence, as was said in *Stevenson* v. *London & Lancashire Fire Ins. Co.* 26 U. C. T. Rep. 148, where it appeared the buildings insured were outside the boundaries of the deed of the assured, owing to a mistake in a survey:

"It is, we believe, a novel experiment; we do not think it a creditable one; and, in the absence of direct binding authority, it has no intrinsic merit to entitle it to succeed."

It will not be profitable to discuss the several further points made by the defendant as reasons why a new trial should be granted. They have been fully considered, but are deemed not to be well taken. In regard to the defects in the proofs of loss, by reason of the absence of the builder's certificate and that of the nearest notary or magistrate, it is sufficient to say there was ample evidence to authorize the jury to find that the defendant, through its agents, had repudiated all liability under the policy upon other grounds. The agents may not have known that the notary whose certificate accompanied the proofs of loss was not the nearest notary, but it was as much their duty to ascertain if the proofs complied with the conditions of the policy as it was the plaintiff's. Instead of making objection, they treated the proofs of loss as satisfactory in all respects.

The motion is denied.