### ATLAS FIRE INSURANCE COMPANY v. MALONE.

#### Opinion deliver June 19, 1911.

1. INSURANCE—DEFENSE TO SUIT ON POLICY—BURDEN OF PROOF.—The burden is on the insurer in a fire policy to prove that the interest of the insured in the property is other than sole and unconditional ownership. (Page 431.)

2. SAME—SOLE OWNERSHIP OF PROPERTY INSURED.—One who holds a deed to the fee in certain land, executed by the widow and two of the three heirs of the owner of the land, conveying the land by warranty deed and obligating the grantors to procure a deed from the remaining heir as soon as she becomes of age, is the sole owner within a condition inserted in a policy of fire insurance that the policy holder is the unconditional and sole owner of the property insured. (Page 431.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Thomas & Lee,* for appellant.

Under the deed appellee had neither the sole legal nor the equitable title to property, and his concealment of the condition of the title invalidates the policy. The provision of the policy that it shall be void if the interest of the insured is other than sole ownership, etc., applies to conditions existing at the date of the policy and not to future changes in title. 97 Minn. 98; 165 Pa. St. 298; 82 Miss. 674. The stipulation that the grantors would procure for appellee the interest of the minor in the land when she should arrive at maturity was not binding upon her. Malone's claim of

sole and unconditional ownership must have been capable of enforcement at the date of the insurance. 129 Fed. 723; 68 Mo. 127; 69 Hun (N. Y.) 501; 28 Tex. Civ. App. 409; 10 Allen (Mass.) 113; 77 Miss. 348; 86 Md. 130. His title under the deed is nothing more than an undivided interest. He is not the owner in fee. 19 Cyc. 696; 116 Ga. 794; 16 Ind. App. 565; 36 La. Ann. 660; 10 Cush. 446; 46 Mich. 463; 77 Miss. 348; 54 N. Y. 668; 28 Cent. Dig. tit. "Insurance," § 624.

*H. A. Parker* and *G. F. Chapline,* for appellee.

Appellee is and was at the time of the application for the insurance in possession of the property under a good and sufficient deed of conveyance having a sufficient warranty of title. He is the unconditional legal and equitable owner under the law. 31 Ark. 319; 22 Ark. 72; 23 Ark. 741.

KIRBY, J.  This action was brought by appellee against the Fire Insurance Company upon a policy issued to him by it on March 14, 1910, upon a store building and certain fixtures therein for $500, the amount of the policy, a loss having occurred during the life of it and proof of loss being duly made under its terms. Appellant objected to the payment of the loss, claiming that the policy was void because the title of appellee to the property was other than unconditional and sole ownership, both legal and equitable.

The policy provided: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, * * * or if the interest of the insured be other than unconditional and sole ownership, both legal and equitable."

The agent of appellant who was authorized to issue policies solicited the risk of appellee, and the policy was issued upon the storehouse situated on the north half of lot 1, block 9, in the town of Blackton, and the fixtures contained therein. No written application was made for the insurance nor representations as to title.

The answer alleged that appellee was not the owner of the property at the time he applied for the insurance, and that his

representation "as to his ownership of said property at the time he obtained the insurance was false and fraudulent, and the fact that he was not the owner thereof was concealed by him in order that he might obtain the insurance on this property," and denied liability because thereof.

The testimony showed that the fire which destroyed the building and fixtures occurred on the morning of May 31, 1910; that the proof of loss was received by the company on the 15th day of June, showing the value of the fixtures to be $479.75, and the building $300.

Appellee testified that he bought the property in January, 1910, and was the owner thereof, and in possession of it from that time until it was burned. He offered in evidence the following deed:

### "Warranty Deed.

"Know all men by these presents: That we, S. L. Brown, widow of W. C. Brown, Effie Brown and A. G. Brown, heirs at law of W. C. Brown, deceased, and Florence Brown, wife of the said A. G. Brown, for and in consideration of the sum of two hundred and thirty-nine 29-100 dollars, to us in hand paid by J. V. Malone, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said J. V. Malone, and unto his heirs and assigns forever, the following lands lying in the county of Monroe and State of Arkansas, towit: the north half of lot number one, block number nine, town of Blackton, Ark. To have and to hold the same unto the said J. V. Malone, and unto his heirs and assigns forever, with all appurtenances thereunto belonging. And we hereby covenant with the said J. V. Malone that we will forever warrant and defend the title to the said lands against all claims whatsoever, and that we will procure deed from Winnie Brown, the remaining heir at law of the said W. C. Brown, as soon as she reaches maturity, and will protect the said Malone from all claims of title made by her as heir at law of the said W. C. Brown.

"And I, Florence Brown, wife of the said A. G. Brown, for and in consideration of said sum of money, do hereby release and relinquish unto the said J. V. Malone, all my rights of dower and of homestead in and to the said lands.

"Witness our hands and seals on this, the 29th day of January, 1910:

| | |
|---|---|
| "Sarah L. Brown, | (Seal.) |
| "Effie Brown, | (Seal.) |
| "A. G. Brown, | (Seal.) |
| "Florence Brown. | (Seal.)" |

Appellant excepted to the court's refusal to instruct the jury as follows:

"Before the plaintiff can recover on his policy of insurance, he must show he was the owner of the property insured at the time he insured same, and he must prove that he was the owner of the north half of lot 1, block 9, in the town of Blackton, at the time the said policy was issued to him, and plaintiff shows by the two deeds introduced by him that he was not the owner of said property at the time the said insurance policy was issued."

After the testimony was in, appellant announced that it relied solely upon the question of appellee's title being insufficient under the policy, and the court examined the deed and declared it was sufficient, and appellant announced it had no other defense. The court then directed a verdict for the appellee, which was returned, and gave judgment in the sum of $500 and interest, with 12 per cent. penalty, and assessed $50 as an attorney's fee for the appellee, and from this judgment the Insurance Company appealed.

The only question in this case is, whether the interest of the insured was other than unconditional and sole ownership, both legal and equitable, of the property insured at the time of the issuance of the policy, and, appellant having alleged that he was not such owner and insisted that the policy was void under its conditions because thereof, the burden of proof to show such fact was upon it. *Morris* v. *Imperial Insurance Co.,* 106 Ga. 461, 32 S. E. 595; *Gordon* v. *Continental Insurance Co.,* 75 S. W. (Ky.) 283; 2 Cooley's Briefs, 1181; 2 Clement, Fire Ins., p. 174.

It introduced no testimony whatever relative to appellee's interest in the property, and the testimony showed that he had been in possession and claiming to be the owner thereof from the time of his purchase and the conveyance to him.

It is true that there is a recital in appellee's deed to the lot that the grantors are the widow and heirs of Brown, the former

owner, but the receipt of the whole consideration is acknowledged, and the entire property is conveyed.

The warranty was to defend the title against all claims, and to procure a deed from the remaining heir at law of said Brown as soon as she reached maturity, and to protect the grantee from all claims of title made by her as such heir at law. This recital does not control the granting clause, nor limit in any way the estate granted, and at most could not be considered more than notice that at the time of the conveyance there was one heir, a minor, who did not join in it. There was no testimony offered to show that the minor still lived, or that she had not come of age and conveyed the property to appellee's grantors, and thereby passed it to him through his said deed before the policy was issued, and we hold that appellee was the real and substantial owner of the property, within the meaning of the terms of the policy, being in the undisputed possession thereof and claiming to be the sole owner under a deed conveying unconditionally the whole estate to him, and as such was entitled to recover. *Yost* v. *Dwelling House Ins. Co.*, 179 Pa. St. 381; *Gaylord* v. *Lamar Ins. Co.*, 40 Md. 13; *Ark. Ins. Co.* v. *McManus*, 86 Ark. 115.

The object of these and similar conditions in this and like policies is to make sure that the person seeking insurance is the real and substantial owner of the property or interest in it, on which he intends to obtain insurance and thereby to prevent wagering policies and fraudulent losses. *Lewis* v. *New England Ins. Co.*, 29 Fed. 496.

In this view of the case, appellant was not entitled to the instruction asked, and, the facts being undisputed, there was no question to be determined by the jury, and the court properly directed their verdict.

Finding no error in the record, the judgment is affirmed.

HART, J., dissenting.