## GLOBE & RUTGERS FIRE INS. CO. v. CREEKMORE et al.

No. 7657—Opinion Filed Nov. 20, 1917.

Rehearing Denied April 9, 1918.

(171 Pac. 874.)

1. Evidence—Admissions—Title to Land.

Admissions made by one who at the time held the legal title, to the effect that he had contracted by parol to sell the same to another, and had received the pay therefor, are competent evidence against all persons claiming title under or through him.

2. Insurance—Fire Insurance—Interest of Insured—Recovery.

The condition of a fire insurance policy that the same shall be void if the interest of the insured be other than unconditional and sole ownership, etc., is a reasonable and valid provision, and if the insured has not such title or interest, he cannot recover on the policy.

3. Same—Title of Insured—Burden of Proof.

The burden of proving that the ownership of the insured was not sole and unconditional is on the insurer.

4. Same—"Unconditional and Sole Owner"—Purchaser Under Executory Contract.

A vendee of land who occupies the same under an executory contract of purchase is the unconditional and sole owner of the same and of the fee-simple title thereto within the provision of an insurance policy above quoted, and this is true, although the entire purchase price has not been paid.

5. Same—Material Representation.

A statement made by the insured to the company "that the title to the land as de-

scribed in this policy is yet in the Osage Land & Development Company, of Osage, Okla., and that they have made a contract for deed, and that the same is to be delivered to Dud Moore when the balance of the payments due on the purchase price has been made, and that the buildings on the said lots are the property of the assured, W. J. Creekmore, E. M. De Moss and Dud Moore, as shown in this policy," is a material representation concerning the subject-matter of the insurance, and, if untruthfully stated, sufficient to render the policy void.

(Syllabus by Hooker, C.)

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by W. J. Creekmore and another against the Globe & Rutgers Fire Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed.

Scothorn, Caldwell & McRill, for plaintiff in error.

George T. Brown and John B. Meserve, for defendant in error.

Opinion by HOOKER. C. The record discloses that on the 20th day of March, 1910, W. T. Leahy and wife sold and conveyed by general warranty deed the real estate involved here to S., G., R., and L., and that on the 4th day of October, 1910, S. conveyed all of his interest in said property to his three associates. On the 28th day of October, 1910, the Osage Land & Development Company entered into a contract of sale for a certain part of this property with one Grissinger, which contract of sale was filed of record on the 29th day of October, 1912. The Osage Land & Development Company was organized about the 1st of April, 1910, by the aforesaid L., G., and R. On the 25th day of April, 1911, the aforesaid L., G., and R. conveyed by warranty deed to one A. J. Burt, H. W. Bingham, Charles F. Gartner, and David L. Doub an undivided twenty-eight fifty-eighths of said property, and on the 5th day of March, 1913, the sheriff of Osage county executed a sheriff's deed to one Lokey Harford, as the purchaser at a foreclosure sale had by virtue of a judgment rendered in an action by Leroy Sadler foreclosing a mortgage which was executed on said property on the 1st day of April, 1910, by all of the parties mentioned above. The defendants in error, by proper assignment and transfer, acquired all the right, title, and interest vested in Grissinger by virtue of the contract for deed made by the Osage Land & Development Company with her.

On the 10th day of April, 1912, the defendant in error entered into an insurance contract with the plaintiff in error, whereby, in consideration of the premium expressed therein, the said plaintiff in error issued upon the property involved in this action policy No. 731941, insuring the same against loss by fire from the 10th day of April, 1912, to the 10th day of April, 1913. On the 7th day of March, 1913, the two-story frame building covered by said policy was destroyed by fire, and certain goods and chattels therein stored were likewise burned. Thereupon the defendants in error furnished the necessary proof of loss and demanded payment of the insurance when the company refused, and this suit was instituted by the defendants in error against the plaintiff in error to recover the sum of $1,500 for the loss of the frame building and $200 for the loss of the personal property.

Upon the trial of this action in the court below, the trial court permitted one Dudley Moore and one F. C. Grissinger to testify as to certain conversations had by them with the officers of the Osage Land & Development Company as to the title to this property, and as to the authority of the Osage Land & Development Company to make and enter into the contract for deed which was made by said company with Grissinger. Moore was interested with Dunn in acquiring an assignment of said contract from Grissinger, and the theory which actuated the lower court in admitting this testimony was evidently that these declarations of the officers of the company were adverse to their interest as the record holders of the legal title, as according to the records these officers and another as individuals held the fee-simple title to the property involved in this action.

Jones on Evidence (2d Ed.) p. 240, is as follows:

"Admissions made by one who at the time held the legal title to the effect that he had contracted by parol to sell the same to another and had received the pay therefor are competent evidence against all persons claiming title under or through him. The principle on which such evidence is received is that the declarant was so situated that he probably knew the truth, and his interests were such that he would not have made the admissions to the prejudice of his title or possession, unless they were true."

Again Mr. Wigmore in his work on Evidence, § 1080, says:

"The admissions of one who is privy in title stand upon the same footing as those of one who is privy in obligation. Having precisely the same motive to make correct statements, and being identical with the party in respect to his ownership of the right in issue, his admissions may, both in

fairness and on principle, be proffered in impeachment of the present claim. * * * This principle is to-day nowhere denied. But its recognition was slow in coming. Of the fundamental and common doctrines of our law of evidence, this was perhaps the latest to receive judicial recognition. * * *"

And at section 1082 the same author says:

"By the general principle statements of a grantor of realty,, made while title was by hypothesis still in him, are receivable as admissions against any grantee claiming under him. * * * It is sufficient to say that the principle is to-day fully and universally conceded, subject only to a modification due merely to its conflict with another principle: It is to be noted that, upon this principle, statements made before title accrued in the declarant will not be receivable. On the other hand, the time of divestiture, after which no statements could be treated as admissions, is the time when the party against whom they are offered has by his own hypothesis acquired the title; thus, in a suit, for example, between A.'s heir and A.'s grantee, A.'s statements at any time before his death are receivable against the heir; but only his statements before the grant are receivable against the grantee."

And in 16 Cyc. 986, it is said:

"Declarations of an owner of land prior to his conveyance are competent as against his grantee and other privies, in disparagement of his title. They are also competent to show the existence of easements on the premises. * * * "

Applying the rule announced by the authorities above cited, we are of the opinion that this evidence was competent, and that the trial court did not commit error in permitting the same to be introduced.

The policy in suit contains the following provisions:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein. * * * This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The policy of insurance had the following indorsement thereon attached by its local agent:

"This indorsement is made for the purpose of showing that the assured under this policy are the sole and undisputed owners of the property as described in this policy of insurance. That the title to the land as described in this policy is yet in the Osage Land & Development Company, of Osage, Okla., and that they have made contract for deed, and that the same is to be delivered to Dud Moore when the balance of the payment due on the purchase price has been made, and that the buildings on the said lot are the property of the assured, W. J. Creekmore, E. M. De Moss and Dud Moore, as shown in this policy.

"Attached to and made a part of Globe & Rutgers Fire Insurance Company policy No. 731941 of New York City, N. Y."

It is asserted by the company that this statement as to the ownership of said property and as to the title thereof constituted a warranty, which, if untrue, vitiated the policy; that this statement was untrue because the legal title to this property was not in the Osage Land & Development Company, nor had it ever been; that while it is true that the company had executed a contract for a deed to one Grissinger, which contract had been assigned until all her rights had passed to the defendants in error, yet, under the record, the company did not then, nor at any other time, have legal title to this property, nor were Creekmore and Moore the owners of the building separate and apart from the real estate upon which it was located.

It appears that the defendants in error believed in good faith that the Osage Land & Development Company had the legal title to this property, and full authority to execute the contract in question to Grissinger, and that, relying thereupon, these defendants in error, believing that they would in time acquire a legal title to this property, erected these improvements thereon, and to protect themselves in case of fire procured this insurance. The question involved here is not whether they had such an interest, which they were entitled to protect by insurance, but whether the policy in question was void by reason of the misstatement as to the character of the title thereto. In R. C. L. Vol. 14, § 229, it is said:

"Standard policies now in use usually provide that the policy shall be void if the insured is not the sole and unconditional owner of the property insured. Such a clause applies to conditions existing at the date of the policy, and not to future changes in title. * * * To be unconditional and sole an interest must be completely vested in the assured, not contingent or conditional, nor for others, nor in common, but of such nature that the assured must sustain injury or loss if the property is destroyed, and this is so whether the title is legal or equitable. An insured's ownership is sole when no one else has any interest in the property as owner, and is unconditional when the quality of

the estate is not limited or affected by any condition. The burden of proving that the ownership of the insured was not sole and unconditional is on the insurer."

And in section 230 the same author says:

"An insurance company has a right to insert a condition in a policy that it shall not be liable if the title or interest of the assured is less than the entire, absolute, unconditional, unincumbered fee-simple ownership; and if the insured has not such a title or interest, he cannot recover on the policy. * * *"

The authorities are almost uniform that the insurance company has a right to insert as a condition in its policy that it shall not be liable if the title or interest of the assured is less than the entire, absolute, and unconditional fee-simple ownership. But they likewise hold that the interest of a purchaser under an executory contract of sale is the sole and unconditional owner within the true meaning of the ordinary clause on that subject in insurance policies, because the vendor may compel the vendee to pay for the property, and to suffer any loss that occurs. But, however, to hold the interest of the vendee sole and unconditional, the contract must be enforceable. See 14 R. C. L. § 234. This court, in the case of Ark. Ins. Co. v. Cox, 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, said:

"The authorities hold, almost without exception, that a vendee of land who occupies the same under an executory contract of purchase is the unconditional and sole owner of the same and of the fee-simple title thereto within the provision of policies of insurance above quoted, and that this is true, although the entire purchase price has not been paid. * * * Plaintiff at the time of the issuance of the policy occupied the lands upon which the property insured was located, and he had placed thereon the buildings insured under the policy, and he had occupied the land under the contract of purchase, on which he had paid all the purchase price except $75. He was the unconditional and sole owner in fee simple of the equitable title to said land, and had such an interest therein as was required by the conditions of the policy relied upon for a forfeiture, except that he did not own the legal title. * * *"

And it was further said in the case above cited:

"Was plaintiff the unconditional and sole owner of the equitable title to the land on which the property insured was located? There is no denial that Folsom held the legal title to the land in controversy, or that the contract of sale between him and the plaintiff is valid; and since the burden of proof is upon defendant to establish such facts as were necessary to avoid the policy, in the absence of any attack upon the validity of the contract between Folsom and plaintiff, it will be assumed that it was valid, and passed the interest in the land in controversy purported to have been passed by such contract."

In the case at bar the contract in question was executed by the Osage Land & Development Company with the assignor of the defendants in error. The record fails to show that the grantor in said contract at the time of its execution held the legal title to the land in controversy, and the validity of that contract is assailed here. Likewise in Atlas Fire Ins. Co. v. Malone, 99 Ark. 428, 138 S. W. 962, Ann. Cas. 1913B, 210, the Supreme Court of Arkansas says:

"In an action on a fire insurance policy, the burden is on the insurer to show that the insured's interest was other than an unconditional and sole ownership, within a provision that the policy shall be void in such event. The insured under a fire insurance policy is the substantial owner within a provision that the policy shall be void if his interest is other than an unconditional and sole ownership, where he is in undisputed possession, claiming to be the sole owner under a warranty, though the deed recites an outstanding interest in a minor heir, a conveyance of which to the insured the grantors covenanted to obtain on her reaching her majority."

In the instant case the company had notice that the interest of the insured was not that of a sole and an unconditional owner, as appears from the indorsement made by the agent and attached to the policy.

It must be conceded that it was the duty of the insured, where they were not the sole and unconditional owners of the property as contemplated by the policy, to correctly state to the insurer the character of title they claim thereto. This they attempted to do, and thought they were doing, when they told the agent of the company that the legal title to the property was in the Osage Land & Development Company, and thought that they held a contract for a deed which was to be delivered to them when the purchase money was paid. This statement was not true, as the legal title to this property, from this record, was never owned by the Osage Land & Development Company, and the authority of the company to execute a contract for a deed is not shown by the record, nor can it be inferred from the evidence. The defendants in error did not have an enforceable contract; that is, one by which they could go into a court of equity and force the company to execute to them a deed which would convey any title to this property to them.

It .must be borne in mind that Leroy Saddler. held a mortgage .upon. this property; that Winans and Harn held a mortgage up-on this property; that twenty-eight. fifty-eighths thereof. had been conveyed to other parties; and that the legal title, as shown by the record, was in the three incorporators of the Osage Land & Development Company, and had never passed to the company at the time of the execution of this contract.. Under the facts of the case, we must hold that the defendants in .error never had an enforceable contract. and were therefore not the sole and unconditional owners as contemplated by the provisions of the policy, .and that the statements made by them at the time this indorsement was made upon the policy did not truly state the condition of the title, and on account thereof no liability can attach to the company by virtue of the policy.

The judgment of the lower court is therefore reversed.

By the Court: It is so ordered.