GUNN v. PALATINE INS. CO., LIMITED, OF LONDON, ENGLAND, et al. (8 Div. 964.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

1. Insurance ⬯282(1)—Applicant for insurance, to meet policy provision as to interest in property, need not settle questions of title with great precision.

Parties applying for insurance are not called on to settle questions of title with great precision, so as to comply with policy provisions as to interest of assured in property.

2. Insurance ⬯282(2)—That naked legal title is outstanding does not avoid policy requiring assured to be sole owner if he is beneficial owner.

Fact that there is naked legal title outstanding will not avoid policy requiring that insured's interest be no other than unconditional and sole ownership, if assured is entire beneficial owner of premises.

3. Insurance ⬯282(2)—Insured's ownership of life estate held insufficient to meet policy requirement of unconditional and sole ownership in property.

Ownership of a mere life estate is not sufficient to meet provision that policy be void if interest of assured in property be other than unconditional and sole ownership.

4. Insurance ⬯282(1)—Where insured's ownership of life estate only increased risk, statute providing that policy is valid unless misrepresentation increased risk is inapplicable (Code 1923, § 8364).

Where, as matter of law, ownership by assured of life estate only in property in view of warranties in policy that his interest was unconditional and sole ownership, increased risk of loss, Code 1923, § 8364, providing that matter misrepresented does not void policy unless risk of loss was increased, was inapplicable.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action on policies of fire insurance by E. E. Gunn against the Palatine Insurance Company, Limited, of London, England, and the Girard Fire & Marine Insurance Company of Philadelphia. From a judgment granting defendants' motion for a new trial, plaintiff appeals. Affirmed.

S. A. Lynne, of Decatur, for appellant.

The policy clause requiring unconditional and sole ownership is met and satisfied if the assured holds under a paper title conferring on assured this sort of estate as contradistinguished from any limited or inferior one. Capital City Ins. Co. v. Caldwell Bros., 95 Ala. 77, 10 So. 355; Phenix Ins. Co. v. Bowdre, 67 Miss. 620, 7 So. 596, 19 Am. St. Rep. 326. Such policy requirement refers to the extent of the insurable interest and not to the validity of title. Miller v. Alliance Ins. Co. (C. C.) 7 F. 650; Wilson v. Fireman's Fund Ins. Co. (Tex. Civ. App.) 274 S. W. 176; Joyce on Ins. (2d Ed.) § 2048; Palmetto F. I. Co. v. Fansler, 143 Va. 884, 129 S. E. 727. Plaintiff being in undisputed possession, claiming to be the sole owner of the premises under a deed conveying unconditionally the whole estate, he was entitled to recover. Atlas F. I. Co. v. Malone, 99 Ark. 428, 138 S. W. 962, Ann. Cas. 1913B, 210; Yost v. Dwelling House Ins. Co., 179 Pa. 381, 36 A. 317, 57 Am. St. Rep. 604; Gaylord v. Lamar, F. I. Co., 40 Mo. 13, 93 Am. Dec. 289; Groce v. Phenix Ins. Co., 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732; Joyce on Ins. (2d Ed.) §§ 2048, 2058; 2 Cooley's Briefs, 1372. In the absence of fraud or bad faith on the part of the insured as against the interest of the insurer, the insured's title cannot be questioned by the insurer. Wilson v. Fireman's Fund Ins. Co., supra; New Brunswick F. I. Co. v. Nichols, 210 Ala. 67, 97 So. 82. If the agent of the insurer, with full knowledge of the true facts, demanded and received premium for insurance of entire ownership of the property, plaintiff would be entitled to recover as if he had title in fee. West. Assur. Co. v. Stoddard, 88 Ala. 606, 7 So. 379; Pope v. Glens Falls Ins. Co., 130 Ala. 356, 30 So. 496; Syndicate Ins. Co. v. Catchings, 104 Ala. 189, 16 So. 46; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17.

Eyster & Eyster, of Albany, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

The insured must have the legal title or a perfect equity in order to satisfy the policy provisions. Exchange Underwriters' v. Bates, 195 Ala. 169, 69 So. 956; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; New Brunswick F. I. Co. v. Nichols, 210 Ala. 63, 97 So. 82; Boulden v. Phoenix Ins. Co., 112 Ala. 424, 20 So. 587; Mechanics' & Traders' Ins. Co. v. Local B. & L. Asso. (Okl.) 261 P. 170. (Oct. 4, 1927). The title of plaintiff did not constitute sole and unconditional ownership. 26 C. J. 172, 173; 14 R. C. L. 1052, 1053; Cooley's Briefs, 1369, 1376; Loventhal v. Home Ins. Co., supra; Fidelity-Phoenix F. I. Co. v. Handley (C. C. A.) 296 F. 902.

GARDNER, J. Appellant sued two insurance companies separately on policies of fire insurance upon certain property situated in Decatur, Ala. The cases being called for trial, were by agreement consolidated and tried as one cause. There was judgment for the plaintiff, but, upon consideration of defendants' motion for a new trial, the court granted the same, and from this judgment the plaintiff has prosecuted this appeal.

Among other matters interposed to prevent a recovery, a breach of the following provision of the policy was set up as a defense to the action:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the interest of the assured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by assured in fee simple."

A breach of the stipulation as to unconditional and sole ownership was set up as a defense in plea 9, and a breach as to the latter provision (the subject of insurance being a building on ground not owned by assured in fee simple) was pleaded as a defense in plea 3, each of which was held good by the court.

Upon consideration of the motion for a new trial, the court below reached the conclusion that these defenses were established by the undisputed proof, and that defendant should have been given the affirmative charge as duly requested.

Plaintiff claimed ownership of the property through the purchase from Elizabeth S. Stubbs, widow of William Carter Stubbs; the details of purchase being unnecessary hereto state. Upon a consideration of the record, we are in accord with the finding of the court below to the effect that upon the undisputed proof said William Carter Stubbs was the owner of this property at the time of his death, and that his widow, Elizabeth S. Stubbs, only acquired a life estate therein.

Counsel for appellant insists that plaintiff's purchase under a conveyance purporting to pass the fee-simple title and undisturbed possession thereunder sufficed to meet the above-quoted conditions of the policy as to ownership of the property, citing the following authorities: Capital City Ins. Co. v. Caldwell, 95 Ala. 77, 10 So. 355; Exch. Underwriters' Agency v. Bates, 195 Ala. 161, 69 So. 956; Phenix Ins. Co. v. Bowdre, 67 Miss. 620, 7 So. 596, 19 Am. St. Rep. 326; 2 Cooley's Briefs on Ins. p. 1372; Palmetto Fire Ins. Co. v. Fansler, 143 Va. 884, 129 S. E. 727; Bonham v. Iowa Cent. Ins. Co., 25 Iowa, 328; Miller v. Alliance Ins. Co. (C. C.)

7 F. 650; Wilson v. Fireman's Fund Ins. Co. (Tex. Civ. App.) 274 S. W. 176; Wainer v. Milford Mut. Fire Ins. Co., 153 Mass. 335, 26 N. E. 877, 11 L. R. A. 598; Atlas Fire Ins. Co. v. Malone, 99 Ark. 428, 138 S. W. 962, Ann. Cas. 1913B, 210; 2 Clement on Fire Ins. pp. 157 and 163; volume 3, Joyce on Law of Ins. §§ 2048, 2051, 2058.

We have examined these authorities with much care, but to enter into any detailed discussion of each would extend this opinion to undue length. Construed in the light of the facts of each case presented, we are not of the opinion either of these authorities supports the view that such provisions as to ownership as found in this policy may be said to be substantially complied with by a mere possession under claim of title. More nearly sustaining appellant's contention is the case of Miller v. Alliance Ins. Co. (C. C.) 7 F. 649, but the facts are there so meagerly presented as to make obscure the actual holding of the court.

[1, 2] We recognize fully that all of the courts are agreed, as said in Phenix Ins. Co. v. Bowdre, supra, that "parties applying for insurance are not called on to settle questions of title with very great precision," and the case is cited in 14 R. C. L. p. 1054, to the effect that "the fact that there is a naked legal title outstanding will not avoid the policy if the assured is the entire beneficial owner of the premises." Speaking of the clause as to sole and unconditional ownership the text in 14 R. C. L. p. 1052, says:

"The just and reasonable purpose in requiring the insured to have the unconditional and sole ownership of the property insured is to give protection only to those upon whom the loss insured against would inevitably fall but for the insurance, and to avoid taking risks for those whose lack of interest or whose contingent interest in the property insured might tend to encourage carelessness or wrongdoing in the use or preservation of the property."

And in 26 C. J. p. 172:

"The ownership of insured is sole and unconditional when no other person has any interest in the property as owner, and the quality of the estate is not limited or affected by any condition."

In discussing the question, this court, in Capital City Ins. Co. v. Caldwell, supra, said:

"It is not necessary that the complaint shall aver a title. That question comes up collaterally and defensively. Ownership is a material factor in assuming insurance risk on improved real estate, but not because the evidence of the ownership is considered. The extent of the ownership is the important element of inquiry, this because the law, voicing common experience, presumes that the absolute owner of property will be more watchful of its preservation, than would a mere tenant, or one owning only a partial interest. And this watchfulness would be scaled, not by the form of the title, but by the extent of ownership. One owning a perfect equity in improved real estate would feel the same solicitude in preserving it, as he would feel if he held the legal fee. * * * As we have said, the extent of ownership held by the assured in the building was the material inquiry, because such interest stimulates solicitude and watchfulness in its preservation. The interest, not the evidence of it, is the stimulus."

The case of Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, contains much discussion of the question here involved, with numerous citations of authorities. Among those cited and quoted approvingly is that of Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, 12 A. 668, 2 Am. St. Rep. 686, from which the following quotation is taken:

"This provision of the policy does not necessarily distinguish between the legal and the equitable estate. If the title is conditional or contingent, if it is for years only, or for life, or in common, it is not the entire, unconditional and sole ownership; but, whether the title be legal or equitable, the interest of the assured is the same, so far as it affects the contract of insurance. The purpose of the provision is to prevent a party who had an undivided or contingent, but insurable, interest in property, from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove him from the temptation to perpetrate fraud and crime; for without this a person might thus be enabled to exceed the measure of an actual indemnity."

The recent case of New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82, deals with the stipulation here involved, and, in holding that there was a breach of the provision of the policy as to ownership in fee simple by the insured of the lot on which the building was located, came in conflict with the decision in Commercial Union Assur. Co. v. Ryalls, 169 Ala. 517, 53 So. 754, which latter case was there overruled.

[3] But we need not further pursue the discussion. What has been said we think should suffice to show that the cases of this court are in accord with the general current of authority, and that the ownership of a mere life estate in the insured will not be sufficient to meet these provisions of the policy. Plaintiff's grantor held only a life estate, and could grant him no greater estate than she owned. It is not a mere question of defect of title, but extent of ownership. We are therefore of the opinion that the court below correctly concluded the affirmative charge was due defendants for the reasons above indicated.

It is further insisted by appellant that the replication setting up a waiver by defendants' agent as to these provisions of the policy, and that it was issued by the agent with full knowledge of the facts, has been established by the proof, citing Western Assurance Co. v. Stoddard, 88 Ala. 613, 7 So. 379, and Pope

v. Glens Falls Ins. Co., 130 Ala. 361, 30 So. 496. We have read the evidence with great care and in the light of this insistence, but we are unable to find any testimony presenting a jury question to the effect that the agent had any knowledge as to the actual character or extent of interest acquired by plaintiff in his purchase. Indeed, we are rather impressed that the agent was of the opinion plaintiff had acquired the full title. The replication was not sustained by the proof.

[4] To the insistence that section 8364, Code of 1923, as now written, is applicable also to fire insurance policies, and that there has been no proof of intent to deceive or that the matter misrepresented increased the risk of loss, the learned trial judge in his opinion aptly responded there was no demurrer to these pleas on that ground, and, said pleas having been held good by the court, issue joined thereon and proven by defendants, the affirmative charge was due to be given defendants as requested.

We may add, however, that in our opinion the authorities above noted lead to the inevitable conclusion that, as a matter of law, the ownership of only a life estate, in view of the warranties as to ownership herein set out, was such as to increase the risk of loss, and that therefore in no event could this amended Code section be of any avail to the plaintiff.

Having reached the conclusion that the defendants were entitled to the affirmative charge under the undisputed evidence in the case, it becomes unnecessary to enter into a consideration of the other grounds for granting a new trial as discussed by the trial court, and determination thereof is therefore pretermitted.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.