## WORLD FIRE & MARINE INS. CO. v. BUGAROSKY.

No. 25765. Oct. 8, 1935.

Rehearing Denied Feb. 25, 1936.

Bower Broaddus and Julian B. Fite, for plaintiff in error.

Hulsey & Hulsey, for defendant in error.

PER CURIAM. This appeal involves the construction and application of the "sole ownership" clause in a fire insurance policy issued by defendant below on a dwelling house and contents claimed to be owned by the plaintiff below.

The plaintiff's first husband purchased the property and took the title in his name, the plaintiff contributing one-half of the purchase price, and they lived in the property for many years. She had several children by him, at least two of whom were of age at the time of the fire. At his death, intestate, she remarried and had several children by her second husband, and continued to live in the property. At his death, several years before the fire loss occurred, she was living and continued to live in the property with several of her minor children. She had a daughter in Chicago, and in 1929 this daughter became ill and sent for the plaintiff, and thereupon the plaintiff with the small children went to Chicago, storing her furniture in one room of the house and renting out the balance of the premises. She continued to live in Chicago, but says that she considered Hartshorne, where the property was located, her home and intended some time to return. Shortly after she went to Chicago she took out the policy in question and about three years thereafter the property was burned. No written application for the policy was made by her. There is no claim of fraud on her part. Nor is there any claim of knowledge or waiver on the part of the insurance company in issuing the policy. It was taken in her name as owner of the property and "made and accepted subject to" certain stipulations and conditions, among which was a three-fourths value clause and also the following provision:

"This entire policy shall be void * * * if the interest of the insured in the property be not truly stated therein * * * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." (Rec. pp. 12-13.)

It is the contention of the insurance company that under the facts this provision of the policy was not complied with and was in no wise waived, and for that reason the policy never was in effect in so far as the house was concerned, because the title and ownership of the plaintiff did not meet the requirements of the policy, as she owned only an undivided two-thirds interest, that is, one-half by reason of her advancement of half of the purchase price, and one-third of her husband's half by inheritance.

The value of the property was agreed upon and the defendant company tendered into court the sum of $112.50, the same being three-fourths of the agreed valuation of the personal property, and tendered also the sum of $43.82, being that portion of the premium paid for insurance on the dwelling house, which tenders were rejected, and upon trial to the court judgment was rendered for $1,100.89.

The plaintiff contends that since the property was a homestead and the actual possession and beneficial use of the premises were in her, it is not necessary that she hold all of the legal or equitable interest; and, there being no fraud on her part, she was entitled to recover for the full amount of the loss.

With this contention we cannot agree. As we view it, the questions as to the premises being homestead and whether or not there was an abandonment thereof (which matters are given considerable attention in the briefs) are not controlling. As was said by this court in Des Moines Insurance Co. v. Moon, 33 Okla. 437, 126 P. 753:

"The effect of this clause in the policy is to require that the title of insured shall be the actual and substantial ownership, rather than the strictly legal title; that his interest must be of such nature that he will sustain the whole loss, if the property is destroyed."

In the instant case it is evident that the plaintiff below did not sustain the whole loss, as she did not own all of the property, but only owned an undivided interest therein with the right to possess and occupy it until it was otherwise disposed of according to law. (O. S. 1931, sec. 1223.)

This provision in said policy has been frequently held to be reasonable and valid. Globe & Rutgers Fire Insurance Co. v. Creekmore, 69 Okla. 238, 171 P. 874.

In R. C. L. vol. 14, p. 1052, sections 229 and 230, part of which is quoted in the above decision, we read as follows:

"Such a clause applies to conditions existing at the date of the policy, and not to future changes in title. The just and reasonable purpose in requiring the insured to have the unconditional and sole ownership of the property insured is to give protection only to those upon whom the loss insured against would inevitably fall but for the insurance, and to avoid taking risks

for those whose lack of interest or whose contingent interest in the property insured might tend to encourage carelessness or wrongdoing in the use or preservation of the property. By fair construction and intendment the 'unconditional and sole ownership' of property for the purpose of insurance is in those upon whom the loss insured against would certainly fall, not as a matter of mere contract obligation, but as the result of real bona fide rights in the property insured. To be unconditional and sole an interest must be completely vested in the assured, not contingent or conditional, nor for others, nor in common, but of such nature that the assured must sustain injury or loss if the property is destroyed, and this is so whether the title is legal or equitable. An insured's ownership is sole when no one else has any interest in the property as owner, and is unconditional when the quality of the estate is not limited or affected by any condition."

"An insurance company has the right to insert a condition in a policy that it shall not be liable if the title or interest of the assured is less than the entire, absolute, unconditional, unincumbered f e e - s i m p l e ownership; and if the insured has not such a title or interest, he cannot recover on the policy. * * *"

In Couch on Insurance, vol. 4, p. 3178, the author says:

"Stipulation requiring persons insuring property either to have absolute title or to be sole and unconditional owners, or to state in what respect their title or interest falls short of such a title or ownership, are common to policies insuring property. And, as a general rule, the acceptance of a fire policy reciting that the insured is the sole and unconditional owner of the property insured is equivalent to a declaration of that fact, notwithstanding that the insured made no representation as to the condition of the title, and did not know of the recital in the policy."

In the case of Providence Washington Insurance Co. v. Whitley (Tex. Civ. App.) 71 S. W. (2d) 359, the third paragraph of the syllabus reads as follows:

"Undisputed evidence that insured and his wife occupied insured property as homestead, and that wife died leaving children, before policy was issued, precluded recovery on fire policy requiring insured to be sole and unconditional owner."

In that case the provision in question was identical with the provision before this court. There was judgment for the plaintiff below, but the appellate court reversed the case because of the lower court's refusal to instruct a verdict for the insurance com-

pany. In the plaintiff's petition it was alleged that the property was homestead and that the plaintiff had an insurable interest therein, and when the house was destroyed he was the sole owner thereof. In the opinion we read:

"We find that it is shown by the undisputed evidence that J. H. Whitley and wife, Nellie Whitley, occupied the property, prior to its destruction, as their homestead; that it was the community property of the two; that on the 27th day of June, 1929, Nellie Whitley died leaving children surviving her; that the policy in question was issued on the 11th day of August, 1929, more than two months after the death of Nellie Whitley. From the facts stated it is apparent that J. H. Whitley, the insured, was not, at the time the policy was issued and accepted, the sole and unconditional owner of the property destroyed."

In Libby Lumber Co. v. Pacific States F. Ins. Co. (Mont.) 60 A. L. R. 1, 255 P. 340, the court said:

"The clause as to sole and unconditional ownership contemplates a beneficial and practical ownership. Such ownership is in those on whom the loss would certainly fall, not as a matter of mere contract obligation, but as the result of real bona fide rights in the property. Insured's ownership is 'sole' when no one other than insured had any interest in the property as owner, and is 'unconditional' when the quality of the estate is not limited or affected by any condition."

As pointed out in Capital City Ins. Co. v. Caldwell Bros. (Ala.) 10 So. 355:

"The extent of the ownership is the important element of inquiry. This, because the law, voicing common experience, presumes that the absolute owner of property will be more watchful of its preservation than would a mere tenant, or one owning only a partial interest. And this watchfulness would be scaled, not by the form of the title, but by the extent of ownership."

And as was said by the court in Loventhal v. Home Ins. Co. (Ala.) 20 So. 419, 33 L. R. A. 258:

"It is an interest, not a title, of which the conditions of insurance speak. The terms 'interest' and 'title' are not synonymous."

In that case the court adopted the following discussion of the question from Insurance Co. v. Dunham (Pa.) 12 Atl. 668:

"The purpose of the provision is to prevent a party who had an undivided or contingent, but insurable, interest in property from appropriating to his own use the proceeds of a policy taken upon the valuation

of the entire and unconditional title, as if he were the sole owner, and to remove him from the temptation to perpetrate fraud and crime; for without this a person might thus be enabled to exceed the measure of an actual indemnity. But where the entire loss, if the property is destroyed by fire, must fall upon the party insured, the reason and purpose of this provision does not seem to exist; and in the absence of any particular inquiry as to the specific nature of the title, or of any express stipulation in the policy that the assured held the legal or equitable title, either being available to secure an entire, unconditional and sole ownership, the provision referred to can, we think, have no force to defeat the plaintiff's recovery in this case."

However, that case involved insurance taken out by a vendee of land under an executory contract of purchase, and the weight of authority is that under such a state of facts the interest of such a one in possession is generally regarded as unconditional and sole ownership in connection with the provision involved. In the instant case we have quite a different situation. The plaintiff owned an undivided interest and a life estate in all. She contends in her brief in effect that such life estate is sufficient to support the action; that she had an insurable interest; but there are numerous authorities that hold that the ownership of a life estate is not sufficient under such a provision. Garver v. Hawkeye Ins. Co. (Iowa) 28 N. W. 555; Collins v. St. Paul Ins. Co. (Minn.) 46 N. W. 906; Gunn v. Palatine Ins. Co. (Ala.) 114 So. 690.

Aside from these authorities, we would be constrained to hold that since the insurance policy is a contract and the provision in question is valid, in fact, is a part of the statutory policy, it is plain that the contract has been breached. To hold otherwise would simply mean striking this provision from the policy, and, therefore, in the absence of any showing of fraud or waiver, or knowledge on the part of the insurance company as to the facts in connection with such ownership, we must enforce the contract.

The case is reversed and remanded with instructions to grant a new trial, and upon such new trial the court will direct a verdict in favor of the defendant, except for the sum of $112.50 plus the sum of $43.82 as tendered, for which amounts judgment will be entered for the plaintiff; unless the plaintiff shall by appropriate amendment to her pleadings plead and prove in support thereof either fraud, waiver, or estoppel through knowledge on the part of the insurance company of the true condition of the title to the property insured.

The Supreme Court acknowledges the aid of Attorneys J. Robert Ray, Chas. W. Pennel, and Hayes McCoy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ray and approved by Mr. Pennel and Mr. McCoy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.