Alfa Life Insurance Corporation ("Alfa") appeals from the denial of its motion for a summary judgment in this action seeking a judgment declaring that it is entitled to rescind a life insurance policy issued to Viola T. Turner because Turner incorrectly answered a question on the insurance application. We reverse and remand with directions.
 Background
On or about October 23, 2001, Turner and her daughters, Pamela Lewis and Sandra Phillips, met with Alfa agent Donald *Page 759 
W. Eddins. At this meeting, Turner applied for a life insurance policy. Eddins read the questions to Turner, and he recorded her answers on the application. The application specifically provided: "IF ANY ANSWER TO THE FOLLOWING QUESTIONS IS `YES,' THE PROPOSED INSURED IS NOT ELIGIBLE FOR COVERAGE." (Capitalization in original.) Question 12 following this statement was: "Have you ever . . . been diagnosed with insulin-dependent diabetes . . .?" Question 14 following this statement was: "In the past 24 months . . . have you been diagnosed WITH or hospitalized for . . . Congestive Heart Failure . . .?" (Capitalization in original.) The application also contained the following:
 "AGREEMENT: The foregoing answers are complete and true to the best of my knowledge and belief.
". . . .
 "I HAVE TRULY ANSWERED THE ABOVE QUESTIONS AND I HAVE READ OR HAD READ TO ME, THE COMPLETE APPLICATION. I REALIZE THAT MY FALSE STATEMENTS OR MISREPRESENTATIONS OR CONCEALMENTS WHICH WOULD AFFECT THE ACCEPTANCE OF THE RISK ASSUMED MAY RESULT IN LOSS OF COVERAGE, SUBJECT TO INCONTESTABILITY PROVISIONS AND/OR THE TIME LIMIT ON CERTAIN DEFENSE PROVISIONS OF THE POLICY."
(Capitalization in original.) Turner signed the application completed by Eddins, which indicated a negative response to questions 12 and 14.[1] Alfa issued the policy, naming Lewis as the owner and the beneficiary of the policy.
On March 27, 2002, Turner died. Shortly thereafter, Lewis submitted a "Request for Insurance Benefits." In that request, Lewis indicated that the cause of Turner's death was congestive heart failure; Turner's death certificate listed the causes of death as "pulmonary embolism" and "Pickwickian syndrome." Alfa began an investigation into Lewis's request for benefits and, as part of that investigation, obtained Turner's medical records from her physician. Upon reviewing those medical records, Alfa learned that Turner had been an insulin-dependent diabetic before October 23, 2001, the date on which Turner completed the application for life insurance. Turner's medical records also indicated that she had been diagnosed with congestive heart failure within the 24 months preceding her filing the application for life insurance with Alfa, on which she had indicated she had not been diagnosed with congestive heart failure. Additionally, Dr. Maurice J. Fitz-Gerald, Turner's primary treating physician, listed on Alfa's "Attending Physician Statement" that the immediate cause of Turner's death was a "pulmonary embolus." Dr. Fitz-Gerald also listed congestive heart failure and diabetes as contributory causes of her death.
Upon learning this information, Alfa filed a declaratory-judgment action, seeking to rescind the life insurance policy issued to Turner, arguing either that the incorrect statements provided on the application regarding Turner's health were material to its acceptance of the risk, or that Alfa, in good faith, would not have issued the policy at all, or would not have issued *Page 760 
the policy in the amount that it did, or at the premium that it did, if it had known the facts. Lewis answered the declaratory-judgment complaint and counterclaimed, alleging breach of contract, fraudulent suppression and fraudulent deceit, and bad-faith refusal to pay a claim.
In December 2003, Alfa filed a motion for a summary judgment. In support of that motion, Alfa submitted, among other exhibits, a copy of Turner's application for life insurance; the depositions of Lewis, Eddins, and Dr. Fitz-Gerald; a copy of Turner's death certificate; a copy of the request for insurance benefits submitted by Lewis; and copies of various medical records relating to Turner.
Lewis opposed Alfa's summary-judgment motion. In support of her opposition, she submitted her own affidavit; the affidavit of Sandra Phillips; her deposition and the depositions of Dr. Fitz-Gerald and Eddins; and a copy of Turner's application for life insurance. Lewis and Phillips both attested in their affidavits that, during the application process, Turner told Eddins she was a diabetic and that she had previously been on insulin but that she "now took pills instead." Lewis and Phillips also attested that Eddins responded that the fact that Turner was diabetic could be a problem but that he would "put [the application] through."[2] Lewis and Phillips also claimed that neither Turner nor any of her family members had ever been told of her physician's diagnosis of congestive heart failure.[3] Lewis asserted that Turner answered question 14 (regarding congestive heart failure) to the best of her ability and knowledge and that Turner could not provide information to Alfa that she did not have.
On January 7, 2004, the trial court denied Alfa's motion for a summary judgment. Alfa filed a motion to reconsider, which the trial court also denied. The trial court certified its interlocutory order for a permissive appeal pursuant to Rule 5(a), Ala. R.App. P. We granted permission to appeal, and we reverse and remand.
 Standard of Review
"We review the trial court's entry of a summary judgment de novo, and our standard of review is well settled.
 "`In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact," Bussey v. John Deere Co., 531 So.2d 860, 862
(Ala. 1988), and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of *Page 761 Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).'
 "Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997)."
Hollingsworth v. City of Rainbow City, 826 So.2d 787, 789 (Ala. 2001).
 Discussion
In addressing Alfa's motion for a summary judgment, the trial court acknowledged that Turner had provided an incorrect answer to Alfa's question asking whether she had ever been diagnosed with congestive heart failure; that Turner had no knowledge that she had been diagnosed with congestive heart failure; and that this information was material to Alfa's acceptance of Turner's application for life insurance. The trial court then concluded that, although Turner's incorrect answer to this question was material to Alfa's acceptance of the risk, Turner's lack of knowledge regarding her diagnosis of congestive heart failure created a question of fact as to whether Alfa was entitled to rescind the policy issued to Turner in reliance on that answer, pursuant to § 27-14-7, Ala. Code 1975. We must disagree.
Section 27-14-7, Ala. Code 1975, provides:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
The parties in this case do not dispute that Turner answered the question concerning whether she had been diagnosed with congestive heart failure incorrectly.[4] For purposes of this appeal, in which we are reviewing the denial of a motion for a summary judgment, we accept as true the claim that Turner had no knowledge of her previous diagnosis. Thus, the question presented in this case is whether an incorrect *Page 762 
answer to a question on the application for insurance, given innocently, provides a basis for rescission of the policy under §27-14-7, Ala. Code 1975, as a matter of law.
Under § 27-14-7, it is not necessary that the insured have made the misrepresentation with an intent to deceive; even if innocently made, an incorrect statement that is material to the risk assumed by the insurer or that would have caused the insurer in good faith not to issue the policy in the manner that it did provides a basis for the insurer to avoid the policy. See, e.g.,Nationwide Mut. Fire Ins. Co. v. Pabon, 903 So.2d 759 (Ala. 2004); Taylor v. Golden Rule Ins. Co., 544 So.2d 932 (Ala. 1989); Liberty Nat'l Life Ins. Co. v. Trammell,33 Ala.App. 275, 33 So.2d 479 (1947) (if the insured at the time of the issuance of this policy was suffering from a disease that increased the risk of loss, the warranty in the policy as to sound health was breached, regardless of whether the insured knew of the presence of such disease); § 27-14-7, Ala. Code 1975.
To invoke § 27-14-7, Ala. Code 1975, an insurer need only establish that a misrepresentation in the application was a material contributing influence that induced the insurer to issue the policy. Therefore, we hold that Turner's incorrect answer to the question whether she had ever been diagnosed with congestive heart failure, although innocently given, is a sufficient basis for Alfa's rescission of the policy, if that answer was material to Alfa's issuance of the policy.
The materiality of a misrepresentation on a policy application is generally a jury question under Alabama law. Bennett v.Mutual of Omaha Ins. Co., 976 F.2d 659 (11th Cir. 1992); Clarkv. Alabama Farm Bureau Mut. Cas. Ins. Co., 465 So.2d 1135
(Ala.Civ.App. 1984). However, it has been held that some misrepresentations, whether made intentionally or innocently, increase the risk of loss as a matter of law and are therefore material to the issuance of the policy. See, e.g., Clark, supra; Thomas v. Liberty Nat'l Life Ins. Co., 368 So.2d 254
(Ala. 1979); Gunn v. Palatine Ins. Co., 217 Ala. 89,114 So. 690 (1927); Inglish v. United Servs. Gen. Life Co.,394 So.2d 960 (Ala.Civ.App. 1980).
In this case, the trial court determined that the incorrect answer Turner provided on the application to the question regarding congestive heart failure was material to Alfa's issuance of the life insurance policy. We agree. The application states that "IF ANY ANSWER TO THE FOLLOWING QUESTIONS IS `YES,' THE PROPOSED INSURED IS NOT ELIGIBLE FOR COVERAGE." (Capitalization in original.) That Alfa considered the answers to the questions following this statement significant to its issuance of the insurance policy could not be made any clearer. Alfa specifically inquired about congestive heart failure and specifically notified Turner via the application that if that medical condition existed or had existed within the last two years, she was "not eligible for coverage." See Christiania Gen.Ins. Corp. of New York v. Great American Ins. Co., 979 F.2d 268,280 (2d Cir. 1992) ("Where the insurer specifically inquires as to a fact, the insured is thereby on notice that the insurer considers it material. . . ."); Jaunich v. National Union FireIns. Co. of Pittsburgh, 647 F.Supp. 209, 211 (N.D.Cal. 1986) ("Such information is particularly material when the information has been specifically requested as part of the insurance application. . . ."). For these reasons, we agree with Alfa that the answer to question 14 on its application for life insurance was material to its acceptance of Turner as an insured. *Page 763 
We conclude that Alfa is entitled, pursuant to § 27-14-7(a)(2), Ala. Code 1975, to rescind the life insurance policy issued to Turner. We reverse the trial court's denial of Alfa's motion for a summary judgment on its declaratory-judgment complaint, and we remand this case with directions for that court to enter a summary judgment for Alfa.
REVERSED AND REMANDED WITH DIRECTIONS.
NABERS, C.J., and SEE, HARWOOD, and BOLIN, JJ., concur.
[1] The application bears the date of October 28, 2001. However, throughout the record and the briefs filed with this Court the parties refer to the date the application was completed as October 23, 2001. Additionally, Alfa indicates that it issued the life insurance policy to Turner on October 23, 2001. We presume that the correct date of the application was October 23, 2001.
[2] Eddins denies that Turner told him at the time he completed the application that she was previously an insulin-dependent diabetic. However, for purposes of a summary-judgment motion, we must view the disputed facts in favor of the nonmovant. Therefore, for purposes of this appeal, we assume that Turner told Eddins that she had previously been insulin-dependent but that she was not insulin-dependent at the time she completed the application and was only taking pills to control her diabetes.
[3] Turner's physician also testified at his deposition that he was uncertain if he ever discussed his diagnosis of congestive heart failure with Turner and that it would not be uncommon for him to simply treat, rather than discuss with a patient, a complicated diagnosis such as congestive heart failure.
[4] Because we resolve this case on the issue of Turner's answer to the question on the application for insurance as to whether she had been diagnosed with congestive heart failure, we need not address the issue of Turner's answer to the question whether she had ever been diagnosed with insulin-dependent diabetes.