CHARLES HARDING, *Adm'r, vs.* MOSES SPRINGER.

Husband and wife are regarded as one person in law, and when land is conveyed to them, they are not seised of moieties, but of the entirety of the estate; and the survivor takes the whole.

Where one seised of land by indefeasible title takes a mortgage thereof to himself, with covenants of warranty, and dies, and the mortgagor becomes entitled to the same land as heir; he is not estopped from asserting his title as heir against the administrator, in a suit upon the mortgage.

EXCEPTIONS from the Court of Common Pleas, *Perham J.* presiding.

This was an action on a mortgage, made by *Joseph G. Torrey* to *Azubah Torrey,* the plaintiff's intestate. After the evidence was closed, the presiding Judge directed a nonsuit, to which the plaintiff excepted. The facts in the case sufficiently appear in the opinion of the Court.

*Mitchell,* for the demandant, said that *Joseph Torrey* and his wife took the estate by entirety and not by moieties, and the wife, as survivor, took the whole. 5 *Mass. R.* 521; 2 *Kent's Com.* 132, *note c.* When *J. G. Torrey,* the son, made the mortgage, the whole estate was in fact in the mother. Upon the death of the mother, a share of her estate descended to him, as one of her heirs, and instantly, in consequence of his deed of the same land to her with warranty, her heirs took the land to hold in mortgage. *J. G. Torrey,* the son, is estopped to set up any opposing title, and so are all claiming under him, whether by levy or by deed.

*F. Allen,* for the tenant, agreed, that *Joseph* and wife took as joint tenants, and not as tenants in common, and that the survivor took the whole; and cited, in addition to those cited for the demandant, 8 *Mass. R.* 274; 12 *Mass. R.* 474. On the death of the father, the son, supposing that he inherited the land from his father, mortgaged it to his mother, but nothing passed, or could pass, to her by that deed, as she was then the sole owner in fee. On her death, he took a share of the estate, as one of her heirs, and the defendant levied upon it as his property, after it descended to him. This is equivalent to a statute conveyance by her to him at that time, and the deed can be no estoppel to a title derived from the grantee in the deed.

The action was continued for advisement, and the opinion of the Court was, at a subsequent term, drawn up by

SHEPLEY J. — On the seventh day of *March,* 1808, *Joseph Torrey,* and *Azubah,* his wife, acquired title to the premises demanded, by a deed conveying the same to them and their heirs in fee. *Joseph Torrey* died about the year 1816, and *Azubah,* the wife, in 1833.

Husband and wife, being regarded as one person in law, are not in such cases seised of moieties, but of the entirety of the estate ; and the survivor takes the whole. 5 *Mass. R.* 521, *Shaw* v. *Hearsey ;* 2 *Kent's Com.* 132.

The widow, being sole owner of the estate, on the ninth day of *February,* 1830, took a deed of mortgage of the same from their son, with covenants of warranty ; and this suit is brought by her administrator, on that mortgage, to recover possession. The defendant claims by virtue of a levy of an execution upon the premises after the estate had descended in part to the same son, as one of her heirs at law. It is quite obvious, that the mother acquired nothing by the deed from her son. But it is said, that the son was estopped by his deed to deny, that she did acquire title by it, and that so is the defendant, claiming under him as a privy in estate. And this would be so, if he had mortgaged with warranty to a stranger to the title, and had afterward acquired the title. 3 *Pick.* 51, *Somes* v. *Skinner.* The title which he acquired after his deed, was not from a third person, but from the same person to whom he had conveyed. Neither she nor her representative can deny, that her own title was good, because she had taken a conveyance from one having no title. The ground upon which the grantee recovers upon his warranty, is, that he has lost the land by an elder and better title than that of the grantor, and is therefore entitled to other lands of like value. *Co. Lit.* 365, *a.* And if the warrantor has since acquired the title to the lands, his grantee shall hold those lands by way of estoppel, instead of allowing the grantor to recover them from him, and then render to him other lands of equal value. *Co. Lit.* 265, *b.*

In this case, the grantee, having before a perfect title, could never recover against her grantor other lands, because she could never prove the loss of the title to the land which the deed pur-

ported to convey. The foundation, upon which the doctrine of estoppels in such cases is built, fails, and the law of estoppels has no place. The intestate acquired no title by the deed, and her representative can claim nothing by estoppel; and cannot, therefore, maintain this suit.

*Exceptions overruled, and nonsuit confirmed.*