PERRY and Wife *v.* FANEUIL HALL INS. Co.

(*Circuit Court, D. Rhode Island.*   March 25, 1882.)

1. INSURANCE—TERMS IN POLICY CONSTRUED.

Where a policy of insurance contained the following clause: "If the interest of the insured in the policy be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the insured, or if the building insured stand on leased ground, it must be so represented to the company, and so expressed in the written portion of the policy, otherwise the policy shall be void," — a policy taken out by husband and wife on the wife's separate property, without disclosing how the husband and wife were respectively interested in the property, is not void.   All that is requisite under such a condition in the policy is to satisfy the insurers that the estate is absolute and unencumbered in the insured; or, if not, to what extent encumbered, or what estate less than a fee-simple is owned by the insured.

2. SAME—WIFE'S ESTATE—JOINDER OF HUSBAND.

Where the property insured was the property of the wife, held as her sole and separate estate, according to chapter 152 of the General Statutes of Rhode Island, which gives the husband only a revocable right to receive rents, and a vested remainder for his life after the death of the wife, there can be no objection to his joining in the application for insurance.

3. SAME—PROOF OF LOSS—WAIVER.

The condition in a policy requiring proofs to be furnished in some detail, with the certificate of a magistrate, and undertaking to pay the loss 60 days after these proofs have been received, may be waived; and where the company sent an agent as adjuster with authority to find out the amount of loss, and such agent told the insured to forward a memorandum of items of the things burnt to the company, and he would return in a day or two and settle, it constitutes a waiver of formal proofs of loss.

Motion for a New Trial.

*Thos. A. Jenckes, Chas. A. Wilson, Wm. G. Roelker,* and *F. W. Miner,* for plaintiffs.

*Beach & Allen,* for defendant.

Before LOWELL and COLT, JJ.

LOWELL, C. J.   This was an action upon a policy of fire insurance issued to John A. Perry and Ellathea Perry, his wife, for $700, on buildings and personal property.   The evidence tended to show that the premises were the sole property of the wife, and were totally destroyed by fire.   The policy contained the following clause: "If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written portion of the policy, otherwise the policy shall be void." The defendants objected that the policy was void for not disclosing how the husband and wife were respectively interested in the property.   This objection misapprehends the meaning of this clause.   It is of no interest to the company to know what the rights of the assured are between themselves.   What they require is to be satisfied that the estate is absolute and unencumbered in the assured; or, if not, how and to what extent it is encumbered, or what estate, less than a fee-simple, is owned by the assured.   The land upon which the building stood was the property of the wife, held according to chapter 152 of the General Statutes of Rhode Island, which gives the husband only a revocable right to receive rents, and a vested remainder for his life after the death of his wife.   *In re The Voting Laws*, 12 R. I. 586.   But we see no objection to his joining in the application for insurance and in the policy.   The statute requires him to be joined in deeds, and he might well suppose that it was more regular that he should give his concurrence to a contract of this sort.   Indeed, when the underwriters are a mutual company, stipulating for a lien upon the land, it is by no means clear that his joinder would not be useful to the company.

No case has been cited to us which holds a policy to be void when the assured were the owners in fee of unencumbered property.   On the contrary, in one case, where the condition was much more stringent than this, requiring the true title to be specified in the policy, two persons, whose interests were several, one owning the building and the other the stock of goods, were jointly insured, and the policy contained no specification at all, and was held to be valid.   The title was orally disclosed to the agent of the company, but the decision did not depend wholly upon this.   The able and learned judge who delivered the opinion, and who was afterwards for many years chief justice of Connecticut, said: "It is enough that, among all the persons

insured in a single policy, they have a perfect title, or a title unencumbered only in the manner stated in the proposal." *Peck* v. *New London Ins. Co.* 22 Conn. 575, 583.

It is hardly necessary to invoke the rule which has been established by the courts that this condition is to be construed most strongly against the company; for a husband and wife insuring property would naturally be understood as representing that it was her property, else she would not be joined. Whether it was hers under the common law or the recent statutes was of no interest to the underwriters.

There is the further question whether any evidence is to be found in the plaintiffs' case fit to be submitted to the jury on the proofs of loss. Condition 9 requires proofs to be furnished in some detail, with the certificate of a magistrate, and the undertaking is to pay 60 days after these proofs have been received. Such proofs were furnished, but less than 60 days before the action was brought. The plaintiffs insist that the formal proofs were waived. Perry testified that the company sent a man named Davis to settle the loss; that Davis asked him to send the company a memorandum of items of the things burnt, and that he would come down in a day or two and settle and that he, Perry, did send a memorandum. Mr. Davenport, the general agent of the company, testified: "After the fire the company sent Mr. Davis here, as adjuster, to find out the amount of loss." It seems to us, on consideration, that there was evidence to go to the jury that formal proof of loss had been waived. If Davis had authority to adjust and settle the loss, we think, as matter of law, he could do so with or without formal proofs. That he had such authority appears by evidence, of which the jury were to judge.

Again, as matter of law, what Davis said was a waiver, none could be more distinct. Whether he said so was for the jury. If a memorandum of loss was sent to the company there is much authority for saying that though it was informal and inadequate, yet it was a compliance with the requirements of the policy, unless the company, within 60 days, objected to it for insufficiency. Whether such a memorandum was sent was for the jury. We are of opinion, therefore, that the plaintiffs are entitled to a new trial, and it is so ordered.