[No 290. Decided November 13, 1891.]

JARVIS EMIGH, *Respondent*, v. STATE INSURANCE COM-
PANY, *Appellant*.

BILL OF EXCEPTIONS—STATUTES—REVIVAL OF FORMER LAW—ACTION ON
INSURANCE POLICY—SUFFICIENCY OF COMPLAINT.

Although chapter 19, Code 1881, was repealed by the act of Feb-
ruary 3, 1886, the intent of the legislature to revive said chapter 19
by later enactment is apparent, inasmuch as the act of February 3,
1886, is repealed by the act of March 22, 1890 (Laws 1889–90, p. 335),
which also enacts that a bill of exceptions may be made a part of the
record of a case on appeal " as provided by chapter 19 of the Code of
Washington relating to exceptions."

In an action on an insurance policy, a complaint that does not
set out the policy sued on, nor show proof of loss, ownership of the
property, or value thereof, does not state sufficient facts, although
it does allege that notice of the fire was given defendant, and that
plaintiff was damaged by the fire in a certain sum. (DUNBAR, J.,
dissents.)

*Appeal from Superior Court, Klickitat County.*

The facts in the case are stated in the opinion.

*W. D. Fenton,* and *A. S. Bennett,* for appellant.

*H. Dustin,* for respondent.

The opinion of the court was delivered by

STILES, J.—The sixth section of the act of March 22,
1890 (Acts, p. 335), enacted that a bill of exceptions might
be made a part of the record of a case on appeal, "as pro-
vided by chapter 19 of the Code of Washington relating to
exceptions." The twelfth section of the same act repealed
the act of February 3, 1886 (Acts, p. 70), which was en-
tirely devoted to changing and remodeling chapter 19. In
view of the language used in § 6, the intention of the legis-
lature to revive chapter 19 is clear and unmistakable.
This view is strengthened by the fact that the act of Feb-
ruary 25, 1891 (Acts, p. 85), purports to amend § 260 of
the code, which was one of the sections expressly repealed

by the act of 1886. The bill of exceptions in this case was therefore governed by chapter 19, which required notice of presentation and settlement; and, as no notice of the settlement was given, it follows that the motion to strike the bill must be granted.

This leaves the case to be considered upon the only error assigned which appears in the record, viz., the demurrer to the complaint. The complaint is in very general terms, and does not purport to set out the policy sued on. The demurrer was on the ground that there were not sufficient facts. In every action for insurance money there can be no recovery except upon the performance of certain acts by the insured, and the existence of certain facts; and the performance of the acts and the existence of the facts must be alleged. May, Insurance (3d ed.), § 589. The interest of the insured in the property destroyed, and the value thereof, must also appear. *Id.*, § 590. In this case the complaint does not show either proof of loss, ownership, or value. It does state that notice of the fire was given to the defendant, and that plaintiff was "damaged" by the fire in certain sums; but there is no allegation that plaintiff was the owner of the property. But notice of the fire is not proof of loss, nor would it admit evidence showing a waiver thereof; and the allegation that the insured was "damaged" in a certain amount is no allegation of value. In the absence of a demurrer, perhaps some of these objections might be taken as cured after verdict. But the demurrer challenged the pleading on account of their absence, and it should have been sustained. Owing to the peculiar attitude in which the cause is placed by the motion to strike out the bill of exceptions, we cannot notice other features of it.

The judgment is reversed, and remanded to the superior court, with instructions to sustain the demurrer to the complaint.

Anders, C. J., and Scott and Hoyt, JJ., concur.

Dunbar, J. (*Dissenting*).—I am unable to agree with the majority opinion, nor do I think it can be sustained on any other theory than that the complaint must set out the application and policy, which I think it is not required to do, especially under the provisions of the code. This court knows nothing of the conditions contained in the policy, and it cannot presume that all policies have the same requirements. All we know of this contract is what is stated in the complaint, namely, that on a certain day defendant, for a certain consideration paid, insured plaintiff's property for the sum of $1,700; and that thereupon, in consideration of the sum paid, the defendant agreed to pay plaintiff the sum of $1,700 in case said property should be lost by fire within a certain time specified. This was a contract that the parties would have a right to enter into, and the court must presume that this was the contract they entered into. The complaint alleges that during the time prescribed the said property was destroyed by fire, and that plaintiff was damaged in the sum of $1,700, the amount for which he was insured. I think it can be plainly gathered from this statement that the value of the goods so designated was more than $1,700, and that any other construction as to the character of the damages would not be a natural but a strained one. In the second allegation the words, "insured plaintiff's store building and stock of goods therein," sufficiently, in my opinion, alleged ownership. Giving it the common sense construction that we would language outside of pleadings, no other conclusion can be reached. I know of no reason why language in a pleading should not be given its ordinary meaning. The complaint states that the defendant was notified of the loss and the destruction of the property so insured. I think that, without doing any violence to the rules of pleading, this must fairly be construed to be a notice of the loss by fire. So far as the allegation of furnishing the defendant with proof of the

loss is concerned, this court has no way of knowing that the company required any proof. I do not see any good reason for construing contracts with insurance companies differently from any other contricts, and interjecting presumptions into them as a part of the contract. So far as appears by the pleadings, they insured against loss by fire, and they were notified of the loss and refused to pay; and plaintiff brings his action, where he is required to make proof of the loss and of the refusal of the defendant to comply with the conditions of his contract. His complaint is certainly very loosely drawn, and omits many averments that are usually contained in complaints of this kind; but, under the liberal rule of pleading prescribed by the legislature of this state, I think that substantial justice could have been done between these parties by a trial on the merits under this complaint. The judgment should have been affirmed.