## Schroedel, Appellant, *v.* Humboldt Fire Ins. Co.

*Fire insurance—Policy—Title—Mistake.*

A policy of fire insurance provided that " the entire policy shall be void if the interest of the insured be not truly stated therein ; or if the interest of the insured be other than unconditional and sole ownership." The uncontradicted evidence was that the title to the property was in the plaintiff and his wife jointly. There was no evidence to corroborate the testimony of the wife that the stipulation in the policy had been inserted by fraud, accident or mistake, and it was denied by the agent of the company. *Held,* that it was proper to direct a verdict for the insurance company.

Argued Oct. 31, 1893. Appeal, No. 197, Oct. T., 1893, by plaintiff, John Schroedel, for use of himself and Bertha Schroedel, his wife, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1893, No. 309, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on policy of fire insurance. Before SLAGLE, J.

The facts appear by the opinion of the Supreme Court.

The court charged as follows :

" I am requested by the counsel for the defendant to instruct you that, under all the evidence in this case, your verdict should be for the defendant ; and the reason of it is this : This policy,

upon which suit is brought, and upon which plaintiff claims, was issued to John Schroedel, and it contains a clause to the effect that it shall be void if the interest of the insured be not truly stated therein, or if the interest of the insured be other than unconditional and sole ownership. It appears in evidence that the title to this property is in the name of John and Bertha Schroedel; therefore the interest is not truly stated and the sole ownership of the property is not in John Schroedel; therefore the plaintiff would not be entitled to recover, the contract being void according to its very terms. The plaintiff undertook to defeat this by showing that John Schroedel's name was inserted by mistake and it ought to have been John and Bertha Schroedel. In order to justify that, it is necessary that the evidence of mistake should be clearly established by clear and indisputable evidence. The plaintiff has failed in that, in my judgment, because the fact depends upon the unsupported testimony of Mrs. Schroedel, who says that she told the agent of the company how the title was held. This is contradicted by Mr. Fink, the agent; therefore the testimony of Mrs. Schroedel being uncorroborated, in my judgment is insufficient to justify a finding that the contract should have been different from what it is. Therefore I instruct you that your verdict should be for the defendant."

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was instruction, quoting it.

*James T. Buchanan, Montooth Brothers* with him, for appellant, cited: 1 Bl.'s Com., 442; Phila. Tool Co. v. Assurance Co., 132 Pa. 236; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Johnson v. Hart, 6 W. & S. 319; Robb v. Beaver, 8 W. & S. 107; Fairchild v. Chastelleux, 1 Pa. 176; Simmons' Est., 4 Clark, 204; Martin v. Jackson, 27 Pa. 504; Bates v. Seeley, 46 Pa. 248; Diver v. Diver, 56 Pa. 106; French v. Mehan, 56 Pa. 286; McCurdy v. Canning, 64 Pa. 39; Gillan v. Dixon, 65 Pa. 395.

*Charles W. Dahlinger*, not heard, cited: Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270; Waller v. Northern Assurance Co., 2 McCrary, 637; Imperial Fire Ins. Co. v. Dunham, 117 Pa.

476 ; Ætna Ins. Co. v. Resh, 40 Mich. 241 ; 44 Mich. 56 ; Diver v. Diver, 56 Pa. 109 ; McCurdy v. Canning, 64 Pa. 41 ; Holcomb v. Savings Bank, 92 Pa. 343 ; Gillan's Ex'rs v. Dixon, 65 Pa. 399 ; Phila. Tool Co. v. British American Ins. Co., 132 Pa. 236 ; Sylvius v. Kosek, 117 Pa. 76.

PER CURIAM, November 13, 1893.

One of the stipulations contained in the contract sued on is : " The entire policy shall be void . . . . if the interest of the insured be not truly stated therein ; . . . . or if the interest of the insured be other than unconditional and sole ownership." The uncontradicted evidence was that the title to the property was in the plaintiff and his wife jointly. This, in the absence of any proof of fraud or mistake, as to the insertion of the stipulation above quoted, was a flat bar to plaintiff's recovery. There was therefore no error in directing a verdict for defendant.

Judgment affirmed.