## W. M. TURNER, Respondent, v. HOME INSURANCE COMPANY, Appellant.

**Springfield Court of Appeals, December 22, 1916.**

1. **INSURANCE: Fire Insurance Policy: House and Household Furniture Included: Severable Policy: Effect of Partial Breach.** Action on a fire insurance policy covering the dwelling house and household furniture therein. The policy being a severable one, a violation of the warranty as to the title of the real estate would not defeat a recovery for the value of the personal property.

2. ———: **Breach of Conditions: Agents' Knowledge: Waiver.** Action on a fire insurance policy containing a provision which warranted that no stove pipe passed through the roof of the building. The agent who took the application visited the house and saw a stove pipe extending through the roof. In reading the application to the insured, who was ignorant and unable to read, the agent read only parts thereof, omitting the provision as to the stove pipe and the insured signed the policy without knowing of such provision, or that the agent had stated in the policy that no stove pipe extended through the roof. The insured was not precluded by the falsity of the statement from recovering on account of loss by fire.

3. ———: **Conditions of Policy: Breach: When Excused.** Action on fire insurance policy which contained a provision that the policy should be void if insured was not the sole and unconditional owner of the property. The deed to the property conveyed same to insured and his wife, thus making them tenants by the entirety. But the evidence showed further that the plaintiff, an ignorant man who was hardly able to read, had bought the property with his own money, that he directed the deed to be made to him and supposed that it was so made until after the fire, the wife's name having been inserted by mistake. Plaintiff is not barred from recovering.

4. ———: **Condition as to Sole Ownership: When Satisfied.** It is sufficient to satisfy the requirements of sole and unconditional ownership in insurance policies that the insured is the sole equitable owner and has the full equitable title.

5. **HUSBAND AND WIFE: Real Estate Ownership: Trusts: Resulting Trusts.** There is a resulting trust in the husband's favor and he is the equitable owner of the land where same is purchased and paid for by him with no intention that any interest in it should be conveyed to the wife or of making a provision for or gift to her, although by mistake her name is included as one of the grantees in the deed.

Appeal from Laclede County Circuit Court.—*Hon. L. B. Woodside,* Judge

AFFIRMED.

*Fyke & Snyder* and *Mayfield & Son* for appellant.

*A. W. Curry* for respondent.

STURGIS, J.—This is an action on a fire insurance policy covering $500 on a dwelling house and $200 on household furniture therein. The judgment is for plaintiff and defendant appeals.

The written application for the policy was signed by plaintiff, forwarded to the company's office in Chicago, and the policy issued thereon. In this application plaintiff warranted he was the sole and absolute owner of the property and the policy provided that it would be void if the insured was not the sole and unconditional owner in fee of said property. The application also warranted that no stove pipe passed through the roof of the building. The defenses are that plaintiff was not the fee simple or absolute owner of the real estate, and that a stove pipe did pass through the roof of the building insured at the time of the fire.

This policy is a severable one as to the insurance on the house and on the household furniture and a violation of the warranty as to the title of the real estate would not defeat a recovery for the value of the personal property. [Trabue v. Insurance Co.,121 Mo. 75, 85, 25 S. W. 848; Holloway v. Insurance Co., 48 Mo. App. 1, 121 Mo. 87, 25 S. W. 850.]

The evidence shows that at the time of the fire there was a stove pipe extending through the roof from the cook stove in the kitchen. It is not contended but that this would defeat the policy and plaintiff relies on a waiver of this condition. The court gave the following instruction: "The court declares the law to be that if the plaintiff signed an application, to the defendant, for insurance on the property covered by the policy sued upon, and said application showed and contained

the statement that no stove pipe passed through the roof of said house and there actually was a stove pipe passing through said roof the plaintiff would be bound by said application and the representation made therein and cannot recover in this action, unless the agent saw the stove pipe and knew when he made the contract that a stove pipe did extend through the roof.'' The last clause of the instruction was added by the court over defendant's objection, and it contends here that there is no sufficient evidence to sustain the proposition that the agent saw the stove pipe and knew of this condition when the application was taken. To this we do not agree. The agent taking this application admits that he visited the house and looked through the windows (no one being at home) and saw the stove pipe hole through the roof in the kitchen, but says that no stove or stove pipe was there. He further says that he warned plaintiff not to use this stove pipe hole by running a pipe through it from a stove, as that would invalidate his insurance. Plaintiff's evidence, however, denies this last statement and shows that the stove and pipe were there and the stove pipe extending through the roof in the same manner as when the fire occurred at the time the agent inspected the house. In fact, the plaintiff swore that the stove and pipe had been in this condition at all times since he owned the house. If that be true, the agent, when he inspected the property and saw the stove pipe hole through the roof, must also have seen the stove pipe extending through it from the stove. He could not have seen the one without the other. Plaintiff's evidence also is that he knew nothing about any requirement against stove pipes extending through the roof; that nothing whatever was said on that subject. He says he signed but did not read the application containing this statement. He was ignorant and could scarcely read. The agent made out the application, read parts of it but did not read the part about no stove pipe going through the roof. The plaintiff did not know that the agent had answered for him in the negative a question as to whether any stove pipe extended through the

roof. The evidence sustains the court's finding on this proposition. [Ormsby v. Insurance Co., 105 Mo. App. 143, 79 S. W. 733.] The finding for plaintiff on the personal property was therefore correct.

As to the insurance on the house, we have had more difficulty. It is conceded that the ·deed to the property conveys same to plaintiff W. M. Turner and his wife, Ella Turner, thus making them tenants by the entirety. The policy provides that it shall be void if the assured shall not be the sole and unconditional owner in fee of said property and the application contained a similar representation. There is considerable authority holding that where the assured's title is under a deed making him only a tenant by the entirety with his wife he is not the sole and unconditional owner. [Schroedel v. Ins. Co., 158 Penn. 459, 27 Atl. 1077; Aetna Ins. Co. v. Resh, 40 Mich. 241; Genesee Falls Permanent Savings & Loan Ass'n v. Fire Ins. Co., 44 N. Y. Supp. 979; 2 Cooley's Briefs on Insurance, 1381.] If this had been all that was shown in this case as to the title we would be inclined to hold the policy void in view of what the Supreme Court held as to the wife having a substantial interest when holding as a tenant by the entirety in Holmes v. Kansas City, 209 Mo. 513, 108 S. W. 9, 1134. But this is not all that is shown in this case. The plaintiff testified, and his evidence stands uncontradicted, that he bought this property for himself and paid for it with his own money; that he directed the deed to be made to himself and supposed it was so made until after the fire; that he then first learned that his wife's name had been inserted as one of the grantees. The trial court found that the name of the wife was inserted by mistake and that this was unknown to the plaintiff when he effected this insurance.

It is the settled law in this State and other jurisdictions that it is sufficient to satisfy the requirements of sole and unconditional ownership in insurance policies that the insured is the sole equitable owner and has the full equitable title. [Gaylord v. Insurance Co., 40 Mo. 1; Lingenfelter v. Ins. Co., 19 Mo. App. 252, 268;

Mallery v. Frey, 21 App. D. C. 105; 2 Cooley's Briefs on Insurance, 1369, 1376.] The undisputed evidence here is that the husband purchased and paid for this land without any intention of making it a provision for or gift to his wife and in fact without intending that any interest in it be conveyed to her. In such cases there is a resulting trust in the husband's favor, and he is the equitable owner of the property. In Price v. Kane, 112 Mo. 412, 415, where the legal title was in the wife, the court said: "The purchase money was all paid by the defendant. In such transactions between husband and wife the conveyance is presumably intended as a settlement upon, or provision for, the wife, but that presumption may be rebutted by parol evidence showing that no such intention actuated the parties. When it has been shown that the conveyance was not intended as an advancement, or settlement, the grantee will be held to have taken the title to herself in trust for the use of her husband who furnished the purchase money. [Darrier v. Darrier, 58 Mo. 227; Hall v. Hall, 107 Mo. 109, and authorities cited Seibold v. Christman, 7 Mo. App. 254; Cotton v. Wood, 25 Iowa, 45.]" And again, on page 418: "A trust is raised in favor of the one who pays the consideration in all cases in which the deed is made to another, unless the conveyance is intended as a provision for the wife or advancement for a child. In such case parol evidence is admitted to prove the real intention of the parties. [Hill on Trustees, 91; 2 Story on Equity, 201, 991, and cases cited under paragraph 1; Bispham on Principles of Equity, 123.]" [See also Andrews v. Andrews, 12 Ind. 348, and cases cited; Taylor v. Miles (Oregon), 25 Pac. 144.]

We conclude, therefore, that the learned trial judge came to the correct conclusion, and the judgment will be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.