CHARLES H. HUBER v. PENN MUTUAL FIRE INSURANCE COMPANY OF CHESTER COUNTY, a corporation of the State of Pennsylvania.

(*August* 25, 1943.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Thomas Herlihy, Jr.,* and *Morris Cohen* for the plaintiff.

*William Prickett* for the defendant.

Superior Court for New Castle County, No. 96, November Term, 1942.

RICHARDS, J.:

By demurring to the defendant's first two pleas to the first count of his declaration the plaintiff admits that Charles H. Huber and Elizabeth Huber, his wife, owned the premises covered by the policy of insurance as tenants by the entirety, at the time of the issuance of said policy of insurance and the fire which occurred thereafter. This raises a plain question of whether a husband who insures property in his own name which is owned by himself and his wife, as tenants by the entirety, can recover for a loss which occurs by fire, when the policy provides that it shall be void if the interest of the insured be other than unconditional and sole ownership.

In the case of *Draper v. Delaware State Grange Mutual Fire Insurance Co.*, 5 *Boyce* (28 *Del.*) 143, 91 A. 206, it is stated that a contract of insurance is essentially a personal contract. Such a contract is not for the purpose of insuring property against fire, but for the purpose of insuring the owner of the property against loss by fire. In

*Dover Glass Works Co. v. American Fire Ins. Co.*, 1 *Marv.* (15 *Del.*) 32, 29 A. 1039, 1041, 65 *Am. St. Rep.* 264, Chancellor Wolcott said:

"An insurance in relation to property is a contract whereby the insurer becomes bound, for a definite consideration, to indemnify the insured against loss or damage to certain property named in the policy, by reason of certain perils to which it may be exposed. It is competent for the insurer to prescribe the terms and conditions upon which it will take the proposed risk, provided they are not illegal nor contrary to public policy. The acceptance of those conditions consequently imposes upon the insured the duty of a substantial compliance therewith, and any neglect thereof in any material respect, unless waived or condoned, will relieve the insurer from liability in case of loss, whether it can be traced to such neglect or not."

The standard insurance policy now in general use contains the provision that it shall be void if the insured is not the sole and unconditional owner of the property. A provision of this character is material and binding on the parties; and a failure to comply with such a provision, unless waived, will excuse the insurer from liability if a loss occurs.

The authorities generally recognize that the reason for such a provision is to prevent a party who has a contingent interest in property from appropriating to his own use the proceeds of an insurance policy taken upon the valuation of the entire estate, as if he were the sole owner, and to remove him from the temptation to perpetrate fraud and crime.

*Perry v. Faneuil Hall Insurance Co.*, (*C. C.*) 11 F. 482; *Schroedel v. Humboldt Fire Insurance Co.*, 158 Pa. 459, 27 A. 1077; *Clawson v. Citizens' Mutual Fire Insurance Co.*, 121 *Mich.* 591, 80 *N. W.* 573, 80 *Am. St. Rep.* 538; *Ætna Insurance Co. v. Kacharos*, 226 Ala. 504, 147 *So.* 438, 91 *A. L. R.* 1432; *Wells Chevrolet Co. v. Pacific Fire Insurance Co.*, 161

*Wash.* 1, 296 P. 177; *World F. & M. Insurance Co. v. Buga-rosky,* 176 *Okl.* 150, 54 P. 2d 631.

Where property is held by a husband and wife as tenants by the entirety the authorities seem to be in agreement that neither of them is the sole and separate owner of such property, as contemplated by an insurance policy containing a provision that the same shall be void if the insured is not the sole and unconditional owner of the property insured.

It is not denied that a tenant by the entirety is regarded as seized of the whole estate and not of an undivided interest therein; neither is it denied that the right of the survivor to the whole is considered as arising not from a new estate but from a continuation of the old estate. If the husband predecease his wife the entire estate continues in her to the exclusion of his heirs; and if the wife predecease her husband the entire estate continues in him to the exclusion of her heirs. It can not be said that either is the sole owner of the property, because the rights of the other are just as great; neither can it be said that either is the unconditional owner of the property because upon the death of either the husband or wife, leaving the other surviving, his or her interest will cease and determine.

*Porobenski v. American Alliance Insurance Co.,* 317 *Pa.* 410, 176 A. 205; *Alfred v. Bankers' & Shippers' Insurance Co.,* 167 *Tenn.* 278, 68 *S. W.* 2d 941; *Western Assurance Co. v. White,* 171 *Ark.* 733, 286 *S. W.* 804, 48 *A. L. R.* 349; *Fulbright v. Phoenix Ins. Co. of Hartford, Conn.,* 329 *Mo.* 207, 44 *S. W.* 2d 115; *Turner v. Home Ins. Co.,* 195 *Mo. App.* 138, 189 *S. W.* 626.

While the marriage relation exists each of the tenants by the entirety, by what has been termed a legal fiction, owns the entire estate. But it can not be construed to be such a sole and unconditional ownership as is contemplated by the provision of the insurance policy in question.

*Fulbright v. Phoenix Ins. Co. of Hartford, Conn.*, 329 *Mo.* 207, 44 *S. W.* 2d 115.

The case of *Turner v. Home Ins. Co.* above cited has been referred to as holding the contrary view, but the following language is found in the opinion of the Court [195 *Mo. App.* 138, 189 *S. W.* 628]:

"There is considerable authority holding that where the assured's title is under a deed, making him only a tenant by the entirety with his wife, he is not the sole and unconditional owner. * * * If this had been all that was shown in this case as to the title, we would be inclined to hold the policy void in view of what the Supreme Court held as to the wife having a substantial interest when holding as a tenant by the entirety in *Holmes v. Kansas City*, 209 *Mo.* 513, 108 *S. W.* 9, 1134, 123 *Am. St. Rep.* 495."

The Court then went on to say that the plaintiff testified without being denied, that he bought the property for himself paying for it with his own money, that he directed the deed to be made to himself and supposed it was so made until after the fire, when he first learned that his wife's name had been inserted as one of the grantees. This was held to create a resulting trust in favor of the husband and make him the equitable owner of the property.

Under the common law doctrine of identity of husband and wife, a conveyance or devise of land to them during coverture, creates an estate by the entirety. An estate of this character is confined to the relation of husband and wife its name being taken from the fact that neither spouse takes by shares or by moieties but each is seized as a whole or per tout and not per my, or, in other words, of the entire estate.

*Bertles v. Nunan*, 92 *N. Y.* 152, 44 *Am. Rep.* 361; *Simons v. Bollinger*, 154 *Ind.* 83, 56 *N. E.* 23, 48 *L. R. A.* 234; *Harding v. Springer*, 14 *Me.* 407, 31 *Am. Dec.* 61; *Marburg v. Cole*,

49 *Md.* 402, 33 *Am. Rep.* 266; *Noblitt v. Beebe,* 23 *Or.* 4, 35 P. 248; *Hunt v. Blackburn,* 128 *U. S.* 464, 9 *S. Ct.* 125, 32 *L. Ed.* 488.

The case of *Connecticut Fire Insurance Co. v. McNeil,* (6 *Cir.*) 35 F. 2d 675, has been cited on behalf of the plaintiff as sustaining his contention.

In this case the plaintiff purchased certain real estate in Somerville, Tennessee, taking title in the name of himself and his wife. It was admitted that under the law of Tennessee this created a tenancy by the entirety. He insured the property in his own name in the defendant company the policy containing a provision that it should be void "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." Payment of the loss was refused on the ground that the insured was not the sole and unconditional owner in fee of the ground upon which the building was located. The Court stated there was a marked technical difference which was unknown to the layman, between sole tenancy in fee simple and tenancy by the entirety. It held that under the common law of Tennessee the husband and wife are as one person in law, the legal existence of the wife being incorporated into that of the husband; that as a necessary result of this unity the husband and wife constitute one legal person; that where an estate is conveyed or devised to them jointly, they take as tenants by the entirety, each of them being seized of the whole estate and neither of a part. It was further held that in this union the husband is the dominating personality having full control of the estate and the right to all the benefits therefrom to the exclusion of his wife during coverture, including the right to sue in his own name for trespass. It thus appears that the case was decided solely upon the law as it existed in Tennessee. In fact, this is admitted by the following lan-

guage which appears at the latter part of the Court's opinion:

"We decide solely that, as limited to the state of Tennessee and to contracts made in contemplation of the there existing law, the husband holding an estate in fee simple by the entirety is within the policy requirement of sole and unconditional ownership."

We are of the opinion that the plaintiff in this case was not the sole and unconditional owner of the property at the time the policy of insurance covering the same, was issued to him by the defendant and that the plaintiff's demurrer must be overruled.

Having arrived at this conclusion it is unnecessary to consider the issues raised by the other pleadings in the case.

Demurrer overruled.