No. 36,489

ANTONE DREWICKI, *Appellant,* v. FIDELITY & GUARANTY FIRE CORPORATION OF BALTIMORE, MARYLAND, *Appellee.*

(174 P. 2d 75)

Opinion filed November 9, 1946.

*Max L. Frederick* and *Benj. F. Endres,* both of Leavenworth, argued the cause and were on the briefs for the appellant.

*Lee Bond,* of Leavenworth, argued the cause, and *William D. Reilly,* of Leavenworth, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This is an action on a fire insurance policy. De-

fendant denied liability upon the ground that it had never issued a policy to plaintiff and by cross petition sought to foreclose a mortgage on the property which it had paid and claimed subrogation. The case was here before (*Drewicki v. Fidelity & Guaranty Fire Corp.*, 157 Kan. 569, 142 P. 2d 806), where the pleadings are much more fully stated and the issues to be tried were determined. A trial by jury was waived. The trial court made findings of fact and conclusions of law, denied plaintiff any relief, and foreclosed the mortgage set up in the cross petition. Plaintiff has appealed.

Briefly stated, the pertinent facts found by the court may be summarized as follows:

Plaintiff's legal name is Antone Drewicki but he is commonly known as Antone Price. His wife, Pearl Drewicki, is commonly known as Pearl Price or as Mrs. Antone Price. The plaintiff owned a small residence property in Leavenworth which he purchased in 1936 and took the title in his name and since then has continued to own it. In July, 1936, Mrs. Antone Price applied to the Reilly Insurance Agency of Leavenworth, owned and managed by Edward Reilly, for a fire insurance policy upon the building owned by her husband. At that time Mr. Reilly was the agent for the Dixie Fire Insurance Company of Greensboro, N. C. · He issued a three-year policy in that company to Mrs. Antone Price and she paid the premium thereon. While that policy was in force there was a small loss. Mrs. Antone Price made proof of the loss, which was allowed, and she was paid the amount of the loss by the Dixie Company.

In July, 1939, Mrs. Antone Price went to the Reilly Insurance Agency and made application for a fire insurance policy upon the same property and its contents. Mr. Reilly at that time was agent for the Fidelity & Guaranty Fire Insurance Corporation. He issued a three-year policy in that company to Mrs. Antone Price, insuring the building for $500 and the contents for $800 (and other sums on garage, etc., not involved here). Mrs. Antone Price was named as the insured in the policy and she paid the premium thereon. The policy contained the provision, among others, common in such policies and which so far as pertinent here reads:

"This entire policy, unless otherwise provided by agreement hereon [herein] or added hereto, shall be void if the . . . interest of the insured be other than unconditional and sole ownership; and if the subject of insurance be a building on ground not owned by the insured in fee simple . . ."

In November, 1940, plaintiff borrowed $400 from the Citizens

Mutual Building & Loan Association of Leavenworth. After the loan was approved in amount plaintiff took the abstract of title and the insurance policy issued to Mrs. Antone Price to the Building and Loan Association. It was there discovered that the insured named in the policy was not the owner of the property. The Building & Loan Association asked the Reilly Insurance Agency to place a standard mortgage clause on the policy and also to place thereon a clause, the wording of which was dictated by a representative of the Building & Loan Association, and which reads as follows:

"Agency at Leavenworth, Kansas ·Policy No. MFW-20120
Fidelity & Guaranty Fire Corporation of Baltimore, Md.
Name of Insured   Mrs. Antone Price
Location of property No. 1800 South Fifth Street
Leavenworth, Kansas
Property Insured, Dwelling, Household Goods, ·Garage,
Chicken House, Small Dwelling and Contents.
Date of Policy, June 7th, 1939, Expiration July 7th, 1942,
Amount $1700.00
Notice is hereby accepted that the title to the property insured under this policy shows the name of Antone Drewicki. (Lawful name of Antone Price). All other terms and conditions remain the same.
Date of endorsement, November 21st, 1940.

Ed Reilly's Agency,<br>By Ed Reilly, Agent. "

While there was some conflict in the testimony on the point, the trial court found that Mr. Reilly did not know that the property was not owned by the insured, Mrs. Antone Price, prior to the request that he make this 'endorsement on the policy. This finding was sustained by substantial, competent evidence, and is binding upon us.

On April 5, 1941, Mrs. Antone Price, who was named as the insured in the policy and in the endorsement "intentionally and purposely procured and caused the building and contents therein to be burned." For this she was prosecuted and convicted of arson. She did not sue on this policy, perhaps for the obvious reason that having intentionally destroyed the insured property by fire she could not have recovered.

Antone Drewicki, the owner of the property, brought this action seeking to recover upon the policy because of the endorsement above set out. The trial court was of the opinion that the endorsement did not authorize him to sue upon the policy. We concur in that view.

It is well settled in this state and elsewhere that a husband or wife cannot take out a valid insurance policy on property owned

by the other spouse. The point was specifically ruled upon in *Old Colony Ins. Co. v. Kansas Public Service Co.,* 154 Kan. 643, 121 P. 2d 193, where it was held:

"A husband is not the unconditional and sole owner of property the title to which is in his wife, even though the property is occupied as a home-stead; nor does such a title satisfy a provision avoiding an insurance policy if his interest is any other than unconditional and sole ownership. The wife's property should be insured in her own name where sole and unconditional ownership is essential to the validity of the policy." (Syl. ¶ 1.)

Many authorities to support this view are set out at page 646 of the opinion. Later cases to the same effect are *Huber v. Penn Mutual Fire Ins. Co.,* 42 Del. 369, 33 A. 2d 729, and *Kanefsky v. Nat. Com. Mut. Fire Ins. Co.,* 154 Pa. Superior Ct. 171, 35 A. 2d 766. The case is reported in 138 A. L. R. 1166, with an annotation on the question of subrogation on facts which are not involved here. The case is also cited, with others to the same effect, in 45 C. J. S. 257, in support of the general rule of the text, which reads:

"In general, separate property of a married person can not be insured as that of his or her spouse without violating the sole and unconditional ownership condition of the policy . . ."

So the policy sued upon in which Mrs. Antone Price was the sole insured and which contained the provision respecting title hereinbefore quoted was invalid as to her husband's property when written for the reason that the title to the property stood in the name of her husband.

Appellant does not seriously question this rule but urges that the endorsement attached to the policy in November, 1940, by which the insurer accepted notice that "the title to the property insured under this policy shows the name of Antone Drewicki (lawful name of Antone Price)" had the effect of making Antone Price the insured in the policy. In appellant's brief in this court this is made the only question in the appeal and it is said "this is a question of law." We agree it is the only important question in the appeal and that it is a question of law, but it is clear to us that the endorsement did not have the effect of changing the name of the insured. In the body of the policy as written Mrs. Antone Price was the named insured, and that is repeated in the endorsement relied upon by appellant, hence there is no ground upon which it can be said that the endorsement changed the name of the insured. The person insured remained, as it always had been, Mrs. Antone Price.

Quite a little has been said in the brief and arguments of appellant about the meaning of the endorsement if it does not have the effect of changing the name of the insured. Since the only question before us is whether it did change the name of the insured we are not called upon to determine what other meaning it had.

There are some other matters mentioned in the argument. One of them involves a discussion of the policy first written in 1936 and the fact that the insurer paid Mrs. Antone Price a loss thereunder. Whatever may be the proper analysis of that, it cannot affect the appellee in this case. It was not the insurer under the other policy.

On the back of the policy as folded was a space in which data was written showing the term of the policy, the amount of the insurance, and the amount of the premium and name of the insured. As originally written the name of the insured had been typed "Mrs. Antone Price." When it was offered in evidence that name had been exed out and above it written the name "Antone Drewicki." There was a conflict in the testimony as to when and by whom that change had been made. Ed Reilly's secretary testified she had no recollection of making the change, gave it as her opinion she had not done so. We are asked to examine the instrument and see if the change was written by the same typewriter as used in writing the endorsement. We decline to do so for at least three reasons. We do not profess to be experts in identification of typed words. Second, it is the function of the trial court to find the facts, not this court. Third, the change of the name on the list of data would be insufficient to change the name of the insured in the policy. That never was changed. The trial court did find specifically that in executing the endorsement relied upon by appellant Mr. Reilly had no intention of changing the name of the insured. There is evidence to sustain that finding.

The appellee here paid the building and loan association and under the terms of the policy and the standard mortgage clause was properly held to have been subrogated to the rights of the mortgagee. That, in effect, was conceded by the appellant. It was not error for the court to foreclose the mortgage.

We find no error in the record. The judgment of the court is affirmed.