## NORTH CAROLINA HOME INS. CO. v. NISSEN et al.

No. 25696.    April 13, 1937.

Rehearing Denied Sept. 28, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 9, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Robert E. Owens, for defendants in error.

BAYLESS, V. C. J. C. A. Nissen, doing business as East Side Feed & Fuel Company, as the owner, and D. A. De Tar, as mortgagee, of a certain automobile truck, brought an action in the court of common pleas of Oklahoma county, Okla., against the North Carolina Home Insurance Company, a corporation, to recover upon a policy of insurance for the loss by fire of said truck. Judgment, upon the verdict of the jury, was for plaintiffs, and defendant appeals.

Several assignments of error are made, but we think it necessary to discuss only one of them: the question of title to the property burned.

C. A. Nissen brings the action under the firm name. The truck was bought from De Tar. The note and chattel mortgage given in connection with the purchase were executed by C. A. Nissen and Wm. Nissen. The signatures to the chattel mortgage were witnessed by W. T. E. Nissen. The policy was issued to C. A. Nissen d.b.a. East Side Feed & Fuel Company and contains the following proviso: "* * * this entire policy shall be void, * * * if the interest of the assured in the subject of this insurance be or become other than the unconditional and sole lawful ownership. * * *" At the time of the trial W. T. E. Nissen testified he owned the truck, with his father, C. A. Nissen. De Tar speaks of selling the truck to "Bill" and his father. It is not certain whether "Bill" is Wm. or W. T. E. Nissen. We think from this it is clear that C. A. Nissen, either individually or doing business under the firm name, was not the "unconditional and sole lawful owner," but that Wm. Nissen or W. T. E. Nissen was part owner and their ownership was not disclosed to defendant. The latest expression of this court on this question is World Fire & Marine Ins. Co. v. Bugarosky, 176 Okla. 150, 54 P. (2d) 631, wherein we held:

"The condition of a fire insurance policy that the same shall be void if the interest of the insured be other than unconditional and sole ownership, etc., is a reasonable and valid provision, and if the insured has not such title or interest, she cannot recover on the policy."

We see no difference in principle or effect of the facts in that case and the one before us.

Judgment reversed.

OSBORN, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur.